EMMA OADES, PLAINTIFF IN ERROR, v. J. OADES, DEFENDANT IN ERROR.

1. **Judgment non obstante veridicto.** When a plea or replication is good in form only, but is bad in substance, and constitutes neither a bar or answer, and issue is taken on it, and the verdict finds it true, such verdict leaves the cause of action or bar unanswered and confessed, and judgment *non obstante* should be entered for him, whose cause of action or bar is confessed; and the rule applies to equity cases, when the issue of fact raised by the pleadings is submitted to the consideration of a jury, but in either case such judgment or decree can only be rendered in a very clear case.

2. **Pleading:** DENIAL OF ADULTERY. A general denial is a good plea to an allegation of adultery, and the verdict of the jury finding the defendant not guilty is conclusive, unless upon proper grounds shown it is set aside and vacated.

ERROR from the district court for Lancaster county. Tried below before WEAVER, J. The opinion states the case.

*H. H. Blodgett,* for plaintiff in error, cited 8 Cowen, 600. 6 Bosw., 668. 6 Johns., 502. 19 La. Ann., 180. 22 Texas, 650. 10 Minn., 216.

*C. C. Burr,* for defendant in error, cited *Van Vleet v. Olin,* 4 Nevada, 98. *James v. Brooks,* 6 Heisk. (Tenn.), 150. *Austin v. Bainter,* 50 Ill., 308. *Lowe v. Traynor,* 6 Coldw., 633. *Field v. Holland,* 6 Cranch, 8. *Orgain v. Ramsey,* 3 Humph., 580. *Blair Ad'mr. v. Dockery,* 24 Wis., 502. *Gray v. Eaton,* 5 Cal., 448.

GANTT, J.

The defendant in error brought action in the district court for divorce, upon the alleged ground of adultery

committed by plaintiff in error with one James Pollard. The plaintiff in error admitted the marriage of the parties and that they cohabited together, and had no children, but she "denies each and every other allegation set forth in the petition." This is a general denial of the allegation of adultery, which is the only issuable fact raised by the pleadings. This issue was submitted to the consideration of a jury, who by their verdict find that the plaintiff is not guilty of adultery.

The record shows that on the —— day of May, 1876, the defendant in error moved to set aside the verdict and for a new trial, which motion the court, after argument by counsel, overruled; that on the sixth day of September, "the court find, notwithstanding said verdict, all the issues in favor of plaintiff" (now defendant in error), and rendered a decree of divorce *a vinculo matrimoni*. The cause is brought into this court upon petition in error. The decree was, perhaps, rendered according to the principle upon which a judgment *non obstante* is entered in an action in law. A judgment *non obstante veridicto* is given upon motion when it appears to the court that the defendant in the cause has admitted himself to be in the wrong, and when the issue, though decided in his favor by the jury, is upon a point which does not at all better his case. Smith, Action, 161. It is therefore called a judgment upon confession, because it is bad in law, and being bad in law, the verdict which merely finds the issue true in point of fact, cannot avail the defendant, for the plea involves a confession of the plaintiff's allegation and shows he is entitled to maintain his action. Therefore, the rule is, that when the plea or replication may be good in form but is bad in substance, and constitutes neither a bar or answer, and issue is taken upon it, and the verdict finds it true, such verdict still leaves the cause of action or bar unanswered and confessed, and in such case, judgment *non obstante*

*veridicto* should be entered for him whose cause of action or bar is confessed. The fact pleaded and found true is of itself no answer or bar. *Sullenberger v. Gest,* 14 Ohio, 206. *Pemberton v. Van Rensselaer,* 1 Wend., 308. *Clears v. Stevens,* 8 Taunt., 415. *State v. Commercial Bank,* 6 S. & M., 218. Freeman on Judgments, § 6. And in *Bellows v. Shannon,* 2 Hill, 89, it is held that such judgment can never be granted but in a very clear case, and "that when the defendant pleads an ill plea, but the matter, if well pleaded, might have amounted to a good bar or justification, a judgment can never be given *as by confession.*"

In an action for divorce, though an equitable proceeding, the court may submit issues of fact raised by the pleadings to the consideration of a jury, and " on final hearing of the cause the court may look into the whole case, and disregard so much of the finding of the jury as is plainly *without the issue,* because the finding of a fact not in the issue cannot constitute a basis of a decree." Such finding can have no legal effect. *Lewis v. Lewis,* 9 Ind., 107.

Now in the case at bar the defendant in error alleged that the plaintiff committed adultery, and in her answer the plaintiff pleads a general denial to this allegation, and this is the only issuable fact raised by the pleadings and submitted to the jury. It will not be questioned that a general denial pleaded to a material allegation is a good answer; it is a complete answer to the cause of action, and therefore the verdict was within the issue and determines the entire issue of fact in favor of the plaintiff (*Eisemann v. Swan,* 6 Bosw., 671); and under the settled maxim of the law it seems clear that the verdict is conclusive, unless for good grounds shown it is set aside and vacated. The decree of the court is reversed, and according to the finding of the issue in favor of the plaintiff in error by the jury, it is ordered, ad-

judged, and decreed by this court that the cause of action of defendant in error be dismissed with costs.

DECREE ACCORDINGLY.