MARY A. BROTHERTON, APPELLEE, v. NOAH BROTHERTON, APPELLANT.

An appeal will lie to the supreme court from a decree of the district court granting a divorce.

MOTION to dismiss appeal.

*J. S. Miller*, for the motion.

*Agee & Hellings*, contra.

MAXWELL, CH. J.

This is an appeal by the defendant from a decree granting the plaintiff a divorce. The plaintiff now moves to dismiss the appeal upon the ground that no appeal can be taken from such decree.

Section 24, Art. I, of the constitution, provides that

" the right to be heard in all civil cases in the court of last resort by appeal, error or otherwise, shall not be denied."

Section 675, of the code, provides " That in actions in equity either party may appeal from the judgment or decree rendered or final order made by the district court, to the supreme court of the state," etc. [Comp. Stat., 619.] This applies to all actions in equity. The court has no authority to single out any particular class and declare it excepted from the operation of the law. The evident intention of the legislature was to permit an appeal in all cases in actions in equity. And under the provisions of our constitution above quoted, every one has a right in the mode provided by law to have his case reviewed in the court of last resort. A number of divorce cases have been before this court, and the decree of the court below reversed or affirmed as seemed consonant with the evidence and law of the case. *Oades v. Oades*, 6 Neb., 304. *Callahan v. Callahan*, 7 Id., 38. *Fallen v. Fallen*, 10 Id., 144. *Brown v. Brown*, Id., 349.

The right to appeal has never, prior to this time, been questioned. A number of cases from Ohio and one from Iowa have been cited by the moving party, to show that no appeal will lie in such cases. But in our view in the cases referred a very narrow construction is placed upon the right of appeal.

Take the case of *Tappan v. Tappan*, 6 Ohio State, 65, as an example, and it is very clear that the court placed a forced construction upon that section of the statute granting the right of appeal. The court cite with approval a portion of the opinion of Lane, J., in *Bascom v. Bascom*, 7 Ohio, (2 pt,) 125, in which he says: " When a divorce is granted, upon which one of the parties contracts new relations, and a third party acquires rights, it cannot be that a process could be had to reverse a decree, the consequence of which would be the sever-

ance of all those new relations. Such anomalous mischief cannot be engrafted on the practice of our courts, except by clear and legislative enactment. That we feel confident can never take place."

The marriage relation should not be severed for slight and trivial causes. A party seeking a divorce should be required to bring his case clearly within the provisions of the statute. If he does so he is entitled to a divorce. If he fails to do this his action should be dismissed. Suppose the cause of complaint is adultery, but the proof fails to sustain it, yet the court grants a decree upon that ground. Has the party against whom the decree is rendered no relief? If the decree is not subject to review, it must be final and conclusive, no matter how erroneous, and a stigma cast upon the reputation of the party, without any possibility, so far as the court is concerned, of removing the same. As to the objection that the party obtaining the decree has contracted another marriage, it is sufficient to say that he has no right to contract another marriage until he obtains a final decree of divorce, and this, in case of an appeal, cannot be had until the determination of the appeal. Any other rule would allow a party to take advantage of his own wrong to perpetuate a decree that should not have been granted.

The fact that an appeal will lie affords protection against decrees improperly granted, and a remedy for what, in many cases, might be a grievous wrong. The motion to dismiss must be overruled.

MOTION OVERRULED.