STATE OF NEBRASKA, EX REL. THOMAS WALTON, V.
ALBERT J. CORNISH, JUDGE.

FILED MAY 20, 1896. No. 8452.

1. **Divorce:** ALIMONY: SUPERSEDEAS. A supersedeas bond for an appeal from a decree awarding alimony must be in double the amount of such decree, and conditioned as prescribed by the first subdivision of section 677 of the Code of Civil Procedure.

2. ——: ——: ——: PENALTY. Neither the district court, nor the judge thereof, has the power to fix the amount of the penalty of the bond to be given in such a case, since the amount is prescribed by statute.

ORIGINAL application for *mandamus* to compel respondent, a judge of the district court for Lancaster county, to fix the amount of the supersedeas bond to be given upon appeal from a decree granting relator's wife a divorce and alimony. *Writ denied.*

*Ricketts & Wilson,* for relator.

*Field & Brown, contra.*

NORVAL, J.

In the district court of Lancaster county, before the respondent, one of the judges of said court, on the 3d day of April, 1896, one Barbara S. Walton obtained a decree of divorce from Thomas Walton, the relator herein, and the allowance to her of $5,000 as permanent alimony, the further sum of $700 as attorneys' fees, and that the relator pay the costs of the action.   Thomas Walton, desiring to appeal from said decree to this court, applied to the respondent, the judge who heard and decided said cause, to fix the amount of the supersedeas bond to be given by the relator to stay proceedings under said decree, pending his appeal now docketed in this court, which the respondent declined and refused to do.   Thereupon relator applied to this court for a peremptory *mandamus* commanding respondent to fix the amount of the supersedeas bond in the cause.   To the application the respondent has filed a general demurrer, which has been argued and submitted.

The question raised by the demurrer is one of statutory construction, namely, Has the respondent the power or authority to fix the amount of the supersedeas bond? Stated differently, Is the amount of such bond to be given to stay proceedings under a decree of divorce and alimony, pending a review thereof in this court, unalterably fixed by statute?   That an appeal will lie from a decree granting a divorce and alimony is perfectly clear.   (*Brotherton v. Brotherton*, 12 Neb., 72.)   The statute relating to divorce and alimony (Compiled Statutes, ch. 25), while providing that decrees for alimony shall be liens upon the property of the husband in like manner, and may be collected and enforced in the same mode as other judgments recovered against him (secs. 4*a*, 26), yet it contains no provision for the superseding of such decrees; hence, if such authority exists, it must be found in that part of the Code of Civil Procedure which relates to appeals in equity cases.   Section 675 of said Code provides for ap-

peals in all actions in equity, and section 677 authorizes the giving of a supersedeas bond to stay proceedings under decrees in such cases, in the following language: "No appeal in any case in equity, now pending and undetermined, or which shall hereafter be brought, shall operate as a supersedeas, unless the appellant, or appellants, shall, within twenty days next after the rendition of such judgment or decree, or the making of such final order, execute to the adverse party a bond with one or more sureties as follows: First—When the judgment, decree, or final order appealed from directs the payment of money, the bond shall be in double the amount of the judgment, decree, or final order, conditioned that the appellant, or appellants, will prosecute such appeal without delay, and pay all condemnation money and costs which may be found against him, or them, on the final determination of the cause in the supreme court. Second—When the judgment, decree, or final order directs the execution of a conveyance or other instrument, the bond shall be in such sum as shall be prescribed by the district court, or judge thereof in vacation, conditioned that the appellant, or appellants, will prosecute such appeal without delay, and will abide and perform the judgment or decree rendered, or final order which shall be made by the supreme court in the cause. Third— When the judgment, decree, or order directs the sale or delivery of possession of real estate, the bond shall be in such sum as the court, or judge thereof in vacation, shall prescribe, conditioned that the appellant, or appellants, will prosecute such appeal without delay, and will not during the pendency of such appeal commit, or suffer to be committed, any waste upon such real estate. Fourth —When the judgment, decree, or final order dissolves or modifies any order of injunction which has been or hereafter may be granted, the supersedeas bond shall be in such reasonable sum as the court, or judge thereof in vacation, shall prescribe, conditioned that the appellant, or appellants, will prosecute such appeal without delay,

and will pay all costs which may be found against him, or them, on the final determination of the cause in the supreme court; and such supersedeas bond shall stay the doing of the act or acts sought to be restrained by the suit, and continue such injunction in force, until the case is heard and finally determined in the supreme court. The undertaking given upon the allowance of the injunction shall be and remain in effect until it is finally decided whether or not the injunction ought to have been granted." The foregoing is broad and comprehensive in its scope and purpose, and the provisions of this section apply to decrees granting alimony, as well as to all other decrees or final orders made in suits in equity. Manifestly such was the intention of the legislature, and this view is not contested by either party to this application. It must be conceded that this case is governed and controlled by the first subdivision of the section quoted above, which requires that when the decree provides for the payment of money, the supersedeas bond shall be in double the amount of such decree. This particular provision of said section was under consideration in *Kountze v. Erck*, 45 Neb., 288, and in the opinion, on page 292, the following apposite language was used: "It requires no argument to show that where a party appeals from a judgment or decree for the payment of money, in order to supersede the same he must execute a bond to the adverse party with one or more sureties in double the amount of the judgment or decree, conditioned that he 'will prosecute such appeal without delay, and pay all condemnation money and costs which may be found against him, or them, on the final determination of the cause in the supreme court.' Such is the plain and obvious import of the statute."

Counsel for relator insist that the first subdivision of said section should be construed as if it read: "When the judgment, decree, or final order appealed from directs the payment of money *only*," etc. To do so would be to inject a word into the statute which is not there to be

found. Our duty is to construe and apply the laws as enacted. It is not our province to amend them, or to legislate; that responsibility and power is confided to the legislative branch of the state government. The statute, if we read it aright, in plain and unmistakable terms prescribes the amount of the penalty of a supersedeas bond to be given to stay a decree providing for the payment of money, to-wit, double the amount of such decree. The court or judge has nothing whatever to do with fixing the amount of the bond to be given under the first subdivision of said section 677, the legislature having determined the amount thereof. Under the other subdivisions of said section the court or judge, in the exercise of a sound discretion, fixes the penalty of the supersedeas bond required to be executed to stay proceedings. The provisions of section 26, chapter 20, Compiled Statutes, regulating appeals from the county to the district court in civil actions, as to the penalty of the undertaking required for that purpose, are quite similar to the provisions of the first subdivision of said section 677 in respect to the amount of the supersedeas bond, and we have never heard it contended that a county judge is required to fix the amount of the appeal bond necessary to be given to review a judgment rendered before him. There is no provision of statute requiring it in either case, and it is not necessary to do so. For respondent to name the amount of the penalty of the bond would be a mere idle ceremony, as no rights would be lost by his omission so to do. It follows that the respondent has not failed to discharge a duty imposed upon him by law, and the demurrer to the petition must be sustained and the proceeding

DISMISSED.