STATE OF NEBRASKA, EX REL. JOHN F. BEARD, v. F. L. COOK, CLERK OF DISTRICT COURT.

FILED JUNE 3, 1897. No. 9157.

1. **Alimony:** MODIFICATION OF DECREE. The district courts of the state are invested with jurisdiction to hear and determine an application for the modification of a decree for permanent alimony.

2. ———: ———: RIGHT OF APPEAL. The order made on such an application is an appealable order.

3. ———: ———: ———: SUPERSEDEAS. Where such order directs the payment of money, whether it may be superseded is not a matter resting in the discretion of the district court. Such order may be superseded as a matter of right, on the execution of a supersedeas bond as required by the first subdivision of section 677 of the Code of Civil Procedure.

4. ———: ———: APPROVAL OF SUPERSEDEAS BOND. It is the duty of the clerk of the district court to determine whether the sureties on such a bond, when the same is duly tendered, are financially responsible for the amount of the penalty of such bond; and, if the clerk so finds, it is his duty to approve and file the bond.

ERROR from the district court of Burt county. Tried below before POWELL, J. *Reversed and writ allowed.*

*H. H. Bowes* and *W. G. Sears,* for plaintiff in error.

*Osborn & Aye, contra.*

RAGAN, C.

In the district court of Burt county, in a suit pending between John F. Beard and Anna M. Beard, his wife, the latter obtained a decree of divorce against her husband and an award of $5,000 alimony. Some time after this John F. Beard filed an application in the case reciting that he had paid of the sum awarded as alimony $3,435.75. He also set forth in the application certain facts which he claimed entitled him to be discharged from further payments on said decree, or at least that he should not be required to pay the entire sum remaining unpaid on said decree, and moved the court that it be modified. The court, on the hearing of this application, modified the decree by reducing the payments to be made by Beard to $350 per annum, but refused to abate anything from the amount awarded Mrs. Beard as alimony. From this order John F. Beard has appealed to this court. At the time of making such order, or within twenty days thereafter, Beard tendered to the clerk of the district court a supersedeas bond to stay the execution of said decree and requested the said clerk to approve the same. The clerk declined to approve the supersedeas bond, placing his refusal upon the ground that the district court, when applied to, had refused a supersedeas of the decree. Beard then made application to the district court for a writ of *mandamus* to compel the clerk of that court to take and approve a proper supersedeas bond in the case for staying the execution of said decree as modified, and on this being denied brings the case here for review. The district court was invested with jurisdiction to hear the application for the modification of the original decree. (Compiled Statutes, ch. 25, sec. 27.) And the order of the district court overruling the application to modify the decree as prayed was an appealable order, and the appellant was entitled to supersede this order by virtue of the first subdivision of section 677 of the Code of Civil Procedure. The fact that the district court refused to super-

sede the decree is immaterial, as the appellant was entitled to supersede the decree by virtue of the section just quoted. Whether the decree should be superseded was not a matter resting in the discretion of the district court. It was the duty of the clerk to pass upon the sufficiency of the sureties on the supersedeas bond tendered by the appellant, and if he deemed those sureties sufficient, to approve the bond. (Code of Civil Procedure, sec. 678.) Judgment of district court reversed, and the writ will issue as prayed.

REVERSED AND WRIT ALLOWED.