ELIZABETH H. WOLFE, APPELLANT, V. WARREN B. WOLFE, APPELLEE.

12 N. W. 2d 368

FILED DECEMBER 21, 1943. No. 31596.

*Bernard Ptak* and *Forrest Lear*, for appellant.

*H. G. Greenamyre, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER and CHAPPELL, JJ.

CARTER, J.

This is a suit to obtain an injunction against the plaintiff, enjoining the collection of certain temporary alimony payments awarded the plaintiff in a divorce action. The trial court found for the defendant and enjoined the collection of the questioned payments. Plaintiff appeals.

The record shows that Elizabeth H. Wolfe commenced a suit for a divorce against her husband, Warren B. Wolfe, on

November 23, 1938. On December 3, 1938, the district court entered an order requiring the defendant to pay the plaintiff "the sum of $50 per month temporary alimony pending the final hearing of said cause." The cause came on for trial on May 2, 1939, at which time evidence was taken and the rests of the parties noted. The cause was thereupon taken under advisement until July 31, 1939, at which time a final decree of divorce was entered, providing for the payment of alimony and support money in the amount of $1,-000, no mention being made of the order for temporary alimony. It is the contention of the defendant that a "final hearing" was had on May 2, 1939, and that under the language of the order, fixing the temporary alimony, no further payments became due after that date. The plaintiff contends that the "final hearing" mentioned in the order fixing temporary alimony was had on July 31, 1939, and that the payments due on the first days of May, June and July, 1939, remain due and unpaid. The sole question is whether the plaintiff wife is entitled to $50 a month on the three payment dates accruing between the formal trial and the date the decree was entered.

The statute providing for temporary alimony states in part: "In every suit brought, either for a divorce or for a separation, the court may, in its discretion, require the husband to pay any sum necessary to enable the wife to carry on or defend the suit during its pendency; * * * ." Comp. St. 1929, sec. 42-308. It is evident therefore that the district court in its discretion could have ordered the payment of temporary alimony up to the date the final order was entered and that the meaning of the words "pending the final hearing," as used in the trial judge's order, are in no way limited by the statute providing for the allowance of temporary alimony.

The term "final hearing" seems to have been given several meanings dependent upon the nature of the situation existing when the term was defined. It has been said that the hearing in equity is equivalent to the trial of an action at law. In other words, the term "hearing" applies to suits

in chancery and the term "trial" applies to actions at law. 30 C. J. S. 876, sec. 480. "The ordinary meaning of the term 'hearing in equity' is the trial of the case, including the introduction of the evidence, the argument of counsel, and the decree of the court." *American Grain Separator Co. v. Twin City Separator Co.*, 202 Fed. 202; *State v. Seehorn*, 283 Mo. 508, 223 S. W. 664. See, also, 10 Ency. Pleading & Practice, 8.

In *Babcock v. Wolf*, 70 Ia. 676, 28 N. W. 490, the court said: "The trial of a chancery suit is called a hearing, and, technically considered, this includes not only the introduction of evidence and the arguments of the solicitors, but the pronouncing of the decree by the chancellor; * * * ."

But when the word "hearing" is qualified by the word "final," it clearly denotes the proceeding by which the case was absolutely determined and necessarily includes the final order or decree. A hearing that does not result in a final order is not a final hearing. The one is therefore a necessary attribute of the other. See *Miller v. Tobin*, 18 Fed. 609; *McArthur Bros. Co. v. Commonwealth*, 197 Mass. 137, 83 N. E. 334.

Can it be said that the hearing held on May 2, 1939, was a final hearing in the absence of a final order or decree disposing of the issues of fact and law raised at such hearing? If the decree had been appealed or a new trial required for any reason, could it reasonably be said that the hearing of May 2, 1939, was a final hearing? We think not. The use of the words "final hearing" in the order fixing temporary alimony contemplated the proceeding by which the issues were finally disposed of on their merits. The rendition and entry of the final decree on July 31, 1939, was an integral part of the final hearing and it cannot be successfully contended that the final hearing was completed prior to that date.

In this connection it must be noted that the district court is authorized by section 42-308, Comp. St. 1929, to require the husband to pay temporary alimony during the pendency of the action. While it is within the discretion of the trial

court as to the amount of temporary alimony, if any, which is to be paid by the husband, the presumption is that regularly prescribed payments are to continue during the pendency of the litigation, and it is only when a contrary intent is clearly manifested by the court's order that it will be interpreted in a restricted sense. The statute contemplates that a husband will be required to make it possible for the wife to carry on the suit during the pendency of the litigation, and in the absence of an order clearly restricting monthly payments to a shorter period, it must be presumed that the trial court intended them to run during the pendency of the suit.

We think the trial court erred in failing to dismiss the defendant's petition for an injunction. The permanent injunction granted by the trial court is therefore vacated and the cause of action dismissed. An attorney's fee of $100 is allowed plaintiff's attorneys for services rendered in this court.

REVERSED AND DISMISSED.