BETTY JO HALL, APPELLANT, V. HERBERT RICHARD HALL, APPELLEE.

126 N. W. 2d 839

Filed March 6, 1964. No. 35735.

Kier, Cobb & Luedtke and Donald R. Grant, for appellant.

Ginsburg, Rosenberg & Ginsburg and Marti, O'Gara & Dalton, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

The matters considered herein arise as the result of the filing of two motions in this court pending the determination of the merits of an appeal in a divorce action. Because of the importance of the issues raised and the lack of precedent dealing therewith in the decisions of this court, we deem it necessary to dispose of the motions by formal opinion.

On November 15, 1963, plaintiff was granted a decree of divorce from the defendant on the ground of extreme cruelty. A division of the property owned by the parties was made. The court found that plaintiff and defendant were unfit persons to have the care and custody of Courtney Lynne Hall, the 9-year-old child of the parties. The decree awarded the custody of the child to Mr. and Mrs. Mark M. Baldwin, uncle and aunt of the

child, and ordered the defendant to pay $100 per month into court for the support of the child. Plaintiff filed a motion for a new trial, which was overruled on December 27, 1963. Plaintiff appealed.

On January 24, 1964, plaintiff filed a motion in this court for an allowance of $150 per month for the support of the child, pending the appeal. On January 30, 1964, defendant filed a motion for an order requiring plaintiff to show cause why she should not be punished for contempt for failure to deliver the custody of the child into the care and custody of Mr. and Mrs. Mark M. Baldwin in accordance with the provisions of the divorce decree.

The record shows that on January 2, 1964, defendant filed a motion in the trial court for an order citing plaintiff for contempt for failure to transfer the custody of the child to Mr. and Mrs. Mark M. Baldwin in accordance with the provisions of the divorce decree. After a hearing the trial court quashed the citation for contempt on the ground that an appeal had been taken from the divorce decree and that the Supreme Court had the exclusive jurisdiction of the contempt proceeding.

We point out that no application was made to supersede the divorce decree and, consequently, no supersedeas was granted. The first question to be determined is the effect of the appeal upon the powers of the trial court as it relates to the issues raised by the motions before this court.

It is provided by section 42-340, R. R. S. 1943, that a decree of divorce shall not become final until 6 months after trial and decision, except for the purpose of review by appeal and for such purpose only the decree shall be treated as a final order as soon as rendered, provided if appeal has been instituted such decree shall not become final until such proceedings are finally determined. It is the general rule in this state that an appeal to the Supreme Court does not operate as a stay of proceedings unless the appellant shall execute a supersedeas bond

within 20 days as required by section 25-1916, R. R. S. 1943. Dovey v. McCullough, 60 Neb. 376, 83 N. W. 171; Rice v. Parrott, 76 Neb. 501, 107 N. W. 840. In the last case cited this court said: "The second ground is that the appeal vacated the judgment of the district court and deprived it of jurisdiction over the cause by transferring the entire controversy to this court. Although in some respects and for some purposes an appeal has such an effect, it cannot be said to have it unqualifiedly in all cases and in all regards, for, otherwise, the mere docketing of an appeal would operate as a supersedeas and dispense with the necessity for the undertaking prescribed by statute upon the subject. That statute must itself be regarded as an express legislative enactment that the judgment shall, in the absence of the undertaking, retain its vitality and be capable of execution during the pendency of the appeal, and this court has held that even after supersedeas has been effected it may, for sufficient cause, be set aside and the judgment of the lower court restored to its original status and enforceability. Tulleys v. Keller, 42 Neb. 788. As we have pointed out no supersedeas was given in this case, and the judgment for costs remained enforceable against the plaintiff until it was vacated by the order granting the motion for a new trial, * * *. It follows, we think, as a necessary consequence, that the district court retained its jurisdiction over the judgment, and of process and procedure founded upon it, and its power to vacate it, in all respects as it would have done if no appeal had been taken, except that it could not interfere or impair the procedure in this court so long as the judgment remained in existence."

It may be argued that a suit for a divorce is a statutory proceeding and, supersedeas not having been specifically provided by statute in such case, the right to supersede does not exist. This court has held, however, that supersedeas may be granted in cases not specified in section 25-1916, R. R. S. 1943. The grant of

supersedeas in such cases is discretionary with the court and not a matter of right. Such allowance may be granted on such conditions and in such an amount as the court determines to be proper and necessary for the protection of the parties. Carson v. Jansen, 65 Neb. 423, 91 N. W. 398. That supersedeas may be properly granted in appeals from divorce decrees is recognized in State ex rel. Beard v. Cook, 51 Neb. 822, 71 N. W. 733, and State ex rel. Walton v. Cornish, 48 Neb. 614, 67 N. W. 481.

The rule is that a trial court in a divorce action may in its discretion grant supersedeas of its order placing the custody of the child where it did. No absolute right to supersedeas exists and mandamus will not lie to obtain it. When a court having jurisdiction is called upon to determine the best interests of a child, particularly as to who shall have its custody, the child becomes the ward of the court. Where the court does not allow supersedeas after awarding its custody to a person named in the decree of the court, the custodian of the child is in a sense the agent of the court. In the absence of an allowance of supersedeas, the person to whom custody of the child is granted is entitled to its custody forthwith. Ex parte Roberts, 17 Ala. App. 538, 85 So. 871. It would be very illogical, to say the least, for the trial court to find both the parents unfit to have the custody of a child, and then be compelled to leave it with an unfit parent solely because an appeal is taken to the Supreme Court. Where the decree awarding custody of a minor child has not been superseded, such order will be enforced as in the case of any other nonsuperseded judgment. The Louisiana court stated the rule in this precise language: "Neither party in a suit for the custody of a minor child is entitled, as a matter of right, by appealing to this court, to stay execution of an order giving to the other party the care and custody of the child." Tate v. Tate, 163 La. 1047, 113 So. 370.

Under a very similar situation to the one we have be-

fore us, the Oklahoma court stated: "The order of November 28th, directing that the custody of the child be delivered to its mother, was not one which defendants had a right to supersede under section 5251, Rev. Laws 1910, as said order does not belong to any one of the classes therein enumerated which may be superseded under that section; and, this being true, it was within the discretion of the trial court to allow a supersedeas or stay on such terms as it might prescribe or to refuse the same." Kelly v. Kemp, 63 Okl. 103, 162 P. 1079.

While it is true that many cases holding to this effect were habeas corpus cases involving the custody of infants, the rule to be applied in divorce cases is the same in principle. We therefore conclude that in a divorce decree which grants the custody of a child to one of two parents or to a third person in a proper case, the divorce decree with respect thereto should be enforced by the district court irrespective of an appeal, except where the trial court in the exercise of its discretion allows supersedeas pending the appeal. We think this holding is consistent with the legislative intent as expressed in sections 42-310, 42-311, and 42-312, R. R. S. 1943.

We point out that the rule here announced applies only to the provisions of the final decree of divorce. Temporary orders in the district court allowing alimony, child support, attorneys' fees, the expenses of litigation, and the custody of minor children terminate with the rendition of a final decree of divorce or the overruling of a motion for a new trial if one be filed. Wolfe v. Wolfe, 144 Neb. 55, 12 N. W. 2d 368.

In the instant case the defendant sought the aid of the district court in the enforcement of the custody order contained in the divorce decree by a contempt proceeding. The trial court quashed the citation on the theory that it was divested of jurisdiction by the appeal.

The enforcement of nonsuperseded orders and judgments is in the district court and not in this court, except on review. While this is not the rule in all juris-

dictions, we think it will best serve litigants in this type of case. The custody of children can be better handled by trial courts who have seen and heard the parties, and thereby have a better opportunity to determine the best interests of children and properly award their custody pending appeal. We hold that the trial court was in error in quashing the citation for contempt against the plaintiff in the instant case.

The plaintiff requests by motion that this court allow her $150 per month as temporary child support. It is evident from the divorce decree that plaintiff is not entitled to the custody of the minor child pending appeal and consequently she is not entitled to temporary support for the child.

For the reasons stated, the motions are overruled.

MOTIONS OVERRULED.