CHARLES O. RICKUS, APPELLEE, v. RENA IRENE RICKUS, APPELLANT.

172 N. W. 2d 628

Filed December 5, 1969. No. 37197.

Wright, Simmons & Hancock, for appellant.

Lovell & Raymond, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is a supplementary proceeding in garnishment

in aid of execution of a final judgment in a divorce case between the same parties rendered in the case of Rickus v. Rickus, 183 Neb. 140, 158 N. W. 2d 540. In our previous opinion this court stated its decision as follows: "The trial court was overly generous with the defendant. She had a $50 per week temporary alimony allowance from July 14, 1965, to the date of trial, or $5,050. Plaintiff was additionally required to keep up the payments on the house in which the defendant was living. Defendant also was allowed $50 temporary attorneys' fees, and $333.50 for court costs and expenses. In the final decree, defendant was awarded $7,500 permanent alimony, $700 attorneys' fees, and plaintiff was required to pay $1,140.63 in obligations incurred by her subsequent to the separation of the parties. * * * *On the record, $2,000 is a very generous permanent alimony allowance for defendant to be paid as directed by the trial court,* and the judgment of the trial court is modified to that extent. In all other respects the judgment is affirmed as modified." (Emphasis supplied.)

A mandate was issued from this court on June 24, 1968, and on August 8, 1968, the defendant wife herein initated these proceedings to collect the $2,000 permanent alimony and other costs not material to the issues herein.

The issue involved in this case is the disposition or application of some $2,350 paid in by the plaintiff husband in the original divorce action between the time of the rendition of the decree in the district court on June 12, 1967, and the entry of the mandate from the Supreme Court in the original divorce action on August 8, 1968. The district court, on motion, dissolved the garnishment and dismissed the garnishment proceedings. We affirm the judgment of the district court.

It appears that in the original action initiated on June 29, 1965, the district court entered an order requiring the plaintiff to pay $50 per week temporary alimony to the defendant during the pendency of the action. The trial of the divorce case occurred on De-

cember 19, 20, 21, and 22, 1966, almost 1½ years after the original action was commenced. During this time the plaintiff had paid approximately $5,050 in temporary alimony into court. On June 12, 1967, the district court entered its final decree of divorce. The pertinent portions of the decree for purposes of this appeal provided: "IT IS FURTHER ORDERED that Plaintiff shall pay to Defendant, as alimony and property settlement, the sum of Seven Thousand Five Hundred Dollars ($7,500.00), payable Fifty Dollars ($50.00) per week, commencing with entry of this Decree, without interest, except legal interest on delinquent payments, *and that the Order for Temporary Support shall terminate upon entry of this Decree.*" (Emphasis supplied.)

The defendant first contends that the original order for temporary alimony in the amount of $50 per week continues during the pendency of the action in this court and that pursuant to section 42-340, R. R. S. 1943, when an appeal has been instituted from a decree of divorce in a district court within 1 month such decree cannot become final until such proceedings are finally determined here. It is therefore urged that the payments of temporary alimony during the pendency of the action in this court were payments on temporary alimony and the final mandate of this court awarding *permanent* alimony in the sum of $2,000 was enforceable in these garnishment proceedings. There are two answers to this contention. First, temporary orders in the district court allowing alimony, child support, etc., terminate with the rendition of a final decree of divorce or the overruling of a motion for new trial if one be filed. Hall v. Hall, 176 Neb. 555, 126 N. W. 2d 839; Wolfe v. Wolfe, 144 Neb. 55, 12 N. W. 2d 368. Second, fatal to this contention is the order of the court entered on June 12, 1967, at the time of the entry of the decree of divorce in the district court, that specifically orders "that the Order for Temporary Support shall terminate upon entry of this Decree." It is not argued nor could

it be contended that the district court does not possess complete power to modify or terminate temporary orders for support, alimony, and court costs, and the record reveals that there was neither application for, nor an order for, temporary alimony or support money during the pendency of the action in this court. The authority for the district court to enter such an order for temporary alimony and support money, costs, and attorneys' fees during the pendency of an action in this court is well established under the statute and the decisions of this court. It therefore becomes apparent that the defendant's argument is, in effect, an argument that the district court has no power to modify or terminate a support or alimony award once it has been entered. This position is untenable and the contention made herein is without merit.

The payments in dispute of some $2,350 were made by the plaintiff into the registry of the clerk of the district court of Scotts Bluff County, Nebraska. The defendant contends that since they were voluntary payments made under a mistake of law they are not recoverable and cannot be applied to the extinguishment of the judgment for permanent alimony. The district court, in its order dissolving the garnishment herein, in effect applied the subsequent payments of $50 per week towards the satisfaction of the judgment for permanent alimony. This was correct.

The court exercises a judicial discretion in the situation present here in the application of the money paid into the registry of the clerk of the district court in the satisfaction of the various aspects of the judgment. Here we have continuing payments paid into the registry of the court after the termination of a temporary support order, and during a period of time that a decree for permanent alimony and support, held to be valid to the extent of $2,000, was in full force and effect, not having been superseded. As recited in the final decree entered by this court, there were other payments for costs and

expenses besides the one for permanent alimony. The general rule on the power of a court to order the application of payments in this situation is well stated in 70 C. J. S., Payment, § 70, p. 272, where it is stated: "Where a payment is not applied by the debtor or the creditor, the general rule is that the court will apply it in such manner, in view of all of the circumstances, as is most in accord with justice and equity and will best protect and maintain the rights of both the debtor and the creditor. * * * This rule applies to involuntary, as well as to voluntary, payments." The mandate of this court required the $2,000 permanent alimony, *"to be paid as directed by the trial court."* This language in itself invited and required the district court to make an equitable and proper application of any amount of money that was paid into the court on the judgment during the pendency of the action in the Supreme Court.

Our former opinion in this case was clear and unequivocal, and required no interpretation. It called attention to the large amount of temporary support money paid in until the time of the rendition of the decree in district court on June 12, 1967. It then proceeded to reduce the amount of *permanent* alimony from $7,500 to $2,000. The decree of the district court terminating the temporary support money was before this court in the decision on the original case. This court in the original opinion noted the long pendency of the action and the large amount of money paid in for temporary support and it decreed a reduction to $2,000 of permanent alimony. The opinion and mandate were clear in their direction and meaning and the district court correctly implemented the opinion and mandate in its decree in this garnishment proceeding.

Although the general rule with respect to the nonrecoverability of voluntary payments is not applicable to this situation because it is a matter of the court properly applying payments into court to the satisfaction of the different aspects of a divorce judgment, we

note that the general rule with reference to voluntary payments does not apply to, but recovery may be had of, payments made to an officer of the court under a misapprehension as to legal rights. Leonard v. Gage, 94 F. 2d 19; Hillmer v. Bishop, 316 Ill. App. 411, 45 N. E. 2d 188; Morgan v. Jasper County, 223 Iowa 1044, 274 N. W. 310. See, also 70 C. J. S., Payment, § 138, p. 346.

For the reasons given the judgment of the district court dissolving the garnishment herein and dismissing the garnishment proceedings is correct and is affirmed.

AFFIRMED.