KEITH M. HOBACK, APPELLEE, v. SHARON J. HOBACK, APPELLANT.

271 N. W. 2d 336

Filed November 8, 1978. No. 41690.

Casey & Elworth, for appellant.

James E. Case and E. Terry Sibbernsen of Welsh, Sibbernsen & Bowen, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

McCown, J.

This is an action for dissolution of marriage. The District Court determined that the marriage was irretrievably broken; dissolved the marriage; made a property division; made contingent alimony provisions; and awarded custody of the two minor children to the husband. The wife has appealed, and the only issue on appeal involves the custody of the minor children.

The petitioner, Keith M. Hoback, and the respondent, Sharon J. Hoback, were married on May 27, 1967. Two children were born to the marriage: John S. Hoback, born April 19, 1969; and Jolene R. Hoback, born September 25, 1971. The petition here was filed March 7, 1977. Temporary custody of the children was placed with the father on March 15, 1977, and temporary allowances made for the wife. The husband and the children lived with his parents. The children were cared for by his mother and also by a babysitter. The wife continued to live in the family home.

Trial was had on July 25, 1977. The evidence with respect to the mother established that she was employed as a nurse' aide prior to the marriage, but had not worked outside the home since the marriage. The evidence showed that during the marriage the children were clean and healthy, well fed, and properly clothed. The evidence also showed that the mother had lived in a trailer house with another man for a period of approximately 3 weeks early in 1977 and prior to the filing of the petition, and her 5-year-old daughter was with her. There was also evidence to indicate that she had left the children with the husband on one occasion and gone on a trip to another state with the same man. Witnesses testified that she failed to properly supervise her children and let them range unattended over the neighborhood. There was evidence that on one occasion, in attempting to strike her 3-year-old daugh-

ter with a belt, she struck her son on the head with the belt buckle and stitches were required to close the wound. There was also evidence that during the period between March and July 1977, when the husband had temporary custody of the children, and the wife was occupying the family home, she exercised her visitation privileges infrequently, and for 1 period of approximately 3 weeks, did not visit the children at all.

The evidence with respect to the father's fitness to have custody established that he had been regularly employed at all times during the marriage, had provided a stable and substantial home for the family, and that on the occasions when he had been left to care for the children they had been well cared for. The evidence also established that the rural home of his parents, where he and the children had lived during the period of temporary custody, was a pleasant and satisfactory home for the children; and that they had been well taken care of during the period of temporary custody. The only derogatory evidence as to the father's fitness for custody came from the mother, who testified that he read obscene magazines and kept a box of them in the bedroom and another box downstairs.

The District Court dissolved the marriage; assigned the family residence to the husband; directed the payment of specified cash amounts to the wife; awarded specified personal property to each party; and awarded custody of the two children to the husband. The wife has appealed and the sole issue is whether the court erred in giving the custody of the minor children to the husband.

In determining the question of who should have the care and custody of the minor children of the parties to an action for the dissolution of a marriage the controlling consideration is the best interests and welfare of the children. Lockard v. Lockard, 193 Neb. 400, 227 N. W. 2d 581.

Although the issues of granting custody of minor children are considered by this court de novo on the record, the determination of the trial court on the granting or changing of custody of minor children will not ordinarily be disturbed on appeal unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. Schinkel v. Schinkel, 199 Neb. 1, 255 N. W. 2d 851. The evidence in the record supports the action of the trial court and there was no abuse of discretion.

The judgment and decree of the trial court is affirmed. The attorney for the appellant is allowed a fee of $500 for services in this court.

AFFIRMED.