PENNY JEAN FRIEDENBACH, APPELLEE AND
CROSS-APPELLANT, v. GARY F. FRIEDENBACH,
APPELLANT AND CROSS-APPELLEE.

284 N. W. 2d 285

Filed October 9, 1979.  No. 42404.

Thomas J. Garvey of Hascall, Jungers & Garvey, for appellant.

James L. Birkel, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The marriage of the parties was dissolved on February 16, 1977.  The custody of their three minor children was divided.  The petitioner was awarded the custody of Len, now 8 years of age, and Lee, now 7 years of age.  The respondent was awarded the custody of Lisa, now 11 years of age.  Each party was given reasonable visitation rights.

On August 2, 1978, the petitioner filed an application for permission to remove the boys, Len and Lee, from the jurisdiction of the court because she was planning to move to Michigan, the home of her new husband.  On August 14, 1978, the respondent filed

an application to obtain custody of the boys. On August 29, 1978, the petitioner filed an answer to the application of the respondent and a cross-application seeking custody of Lisa.

The applications and the cross-application were consolidated for hearing. The trial court found that the custody of the children should remain the same as fixed in the original decree; that the petitioner should be granted permission to remove the children in her custody from the jurisdiction of the court; and that the parties should pay their own costs and attorney's fees. The respondent appeals and the petitioner cross-appeals.

The respondent contends that the petitioner should not be allowed to retain custody of the boys because there is evidence that she allowed her second husband to stay in her apartment on several occasions before they were married. There is also evidence that on one occasion she struck Len with sufficient force to leave a large bruise on his face. The petitioner contends that the respondent should not be allowed to retain custody of Lisa because she is at home much of the time without supervision while the respondent is at work.

There is evidence also that each of the parties is fit to have custody of the children and that the children seem to be happy and, in general, are well cared for. The trial court interviewed the children in chambers out of the presence of the parties and each child seemed to be satisfied with the existing custody arrangement.

Although divided custody arrangements are not favored, under the facts and circumstances in this case we believe the order of the trial court should not be disturbed. Ordinarily, a determination of custody by the trial court will not be disturbed on appeal unless it is clear that the evidence does not support the findings. Hoback v. Hoback, 201 Neb. 639, 271 N. W. 2d 336.

Since the petitioner has now remarried and is making her home in Michigan we believe it was in the best interests of the children to permit her to remove the boys from this jurisdiction.

After the decision in this case on September 11, 1978, the respondent filed a supersedeas bond. After the appeal had been docketed in this court, the respondent filed a motion alleging that the petitioner had violated the supersedeas by removing the children from the jurisdiction. The respondent also filed a motion to remand the cause to the District Court because the petitioner had violated his visitation rights. Neither motion had merit.

Although an order determining custody of children may in certain cases be stayed by the trial court, such an order is not subject to being superseded as a matter of right under section 25-1916, R. R. S. 1943, by merely filing a supersedeas bond. Hall v. Hall, 176 Neb. 555, 126 N. W. 2d 839. As we understand the record, the trial court did not stay the order permitting the petitioner to remove the boys from the jurisdiction. The bond was not effective for that purpose. The enforcement of the respondent's visitation rights was a matter which remained within the jurisdiction of the District Court even though an appeal from the judgment of the District Court was pending in this court. Hall v. Hall, *supra*.

The allowance of fees and costs is discretionary and depends upon a consideration of all the facts and circumstances. We find no abuse of discretion by the trial court and determine that the parties should pay their own fees and costs in this court.

The judgment of the District Court is affirmed.

AFFIRMED.