PHILIP G. SCHMER, APPELLANT, V.
DORIS M. SCHMER, APPELLEE.
318 N.W.2d 876

Filed April 30, 1982. No. 44261.

James G. Egley of Moyer, Moyer & Egley, for appellant.

Jewell, Otte, Gatz, Collins & Domina, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

McCOWN, J.

This is an action for dissolution of marriage. The decree granted custody of the minor child to the wife; fixed child support, alimony, and property settlement amounts in accordance with the stipulation of the parties; and directed the petitioner husband to pay costs and attorney fees. The husband has appealed challenging the award of custody and the assessment of costs and fees.

The parties were married in 1963. The husband owns and operates a corporate trucking business with 10 power units, and also owns and operates a 280-acre farm and livestock unit. The husband was 55 years old at the time of trial and the wife was 53. Their son, Charles, was born December 1, 1971, and was adopted by the parties as an infant. After an extended trial the District Court entered its decree dissolving the marriage and finding that both husband and wife were fit and proper persons to have the custody of the minor child, and awarded custody to the wife with detailed visitation rights granted to the husband. The court also ordered the wife and minor child to obtain psychological family counseling on a regular basis, with requirements for review.

The court found that a stipulation of settlement of the parties at trial was proper and reasonable and not unconscionable, and ordered compliance with it. The stipulation and decree required the husband to pay child support of $400 per month plus hospital and surgical insurance and payment of all medical expenses of the child. The wife received her residence in Columbus, and the husband received all other real estate of the parties. The husband received all the stock of his corporate business, all livestock and

farm machinery and equipment, and all life insurance policies on his life. The husband also received all other personal property in his possession plus certain specified items of furniture and equipment, and the wife received all personal property in her possession except the items specifically awarded to the husband. The stipulation directed the payment of indebtedness by the husband except for debts personally incurred by the wife after January 4, 1981. The stipulation and decree required the husband to pay alimony to the wife in the sum of $82,800, payable without interest at the rate of $600 per month until paid in full. The alimony is not terminable by the death or remarriage of either party or by any other contingency. The husband was directed to pay to the wife as property settlement $200,000, payable $60,000 without interest on or before June 1, 1981, the balance of $140,000 payable at the rate of $14,000 per year beginning June 1, 1982, with a like amount payable the 1st day of June thereafter until paid in full. Interest thereon was payable at the rate of 12 percent per annum from March 11, 1981, and the interest was payable quarterly commencing June 1, 1981.

The stipulation of the parties also provided that the matters of expert witness fees, court costs, attorney fees, and deposition fees should be submitted to the court for its decision at a hearing to be conducted by the court following submission of the stipulation to the court. The court, after reviewing the evidence, ordered the husband to pay the costs, appraisal and witness fees, and attorney fees of both parties. The total of costs and fees to be paid by the husband was approximately $26,000, which included $9,437.15 for the wife's attorney fees and $7,793.21 for the husband's attorney fees.

In his appeal in this court the husband contends that custody of the son was erroneously awarded to the wife and that the assessment of the costs and

fees against the husband was also erroneous and an abuse of discretion.

The husband contends that the wife has psychological problems and is incapable of properly caring for the son. Two expert witnesses, a psychiatrist and a professional family counselor, generally testified that the wife was fit and capable of caring for the child as the custodial parent. The guardian ad litem for the son filed an extensive report and recommended that custody of the child be placed with the wife, and that both the wife and child should continue family psychological counseling. The son expressed a preference to remain with his mother. The trial court found both parents fit to have custody but ordered custody placed with the wife, and ordered the wife and minor child to obtain psychological family counseling on a regular basis.

In determining the question of who should have the care and custody of a child upon the dissolution of a marriage, the paramount consideration must be the best interests and welfare of the child. *Turner v. Turner,* 205 Neb. 6, 286 N.W.2d 100 (1979). In the present case a review of the record de novo supports the determination of the trial court and establishes that the award of custody of the minor son to the wife was correct.

Finally, the husband contends that the trial court abused its discretion in taxing all the expenses of the litigation, including the attorney fees of both parties, to him. His position is that since the stipulation of settlement on issues except custody and costs and fees was satisfactory to both parties, therefore the costs should be equally divided and each party should be required to pay his or her own attorney fees.

The argument overlooks several relevant facts. During the pendency of the action, on several occasions the husband refused to answer interrogatories, refused to produce documents, ignored the

court's pretrial order, and violated the court's orders to answer interrogatories and produce information. He was twice ordered to show cause why he should not be held in contempt. He also failed to file a financial statement at any time. On the morning of trial the wife's attorney was advised of substantial changes in some of the assets. At that point the wife moved the court to impose sanctions on the husband for failure to cooperate with discovery orders and orders of the court. Following the trial the court overruled the motion for sanctions, but stated that the taxation of costs and fees was, to some extent, due to the husband's propensity not to cooperate with discovery orders or produce documents which had necessitated substantial extra work.

Perhaps more importantly, the wife presented to the court a balance sheet of the husband given to the Bank of Norfolk on July 16, 1980, which showed the husband's net worth was more than $1 million. The record also establishes that the earning capacity of the husband was far greater than that of the wife.

The allowance of attorney fees and costs in a dissolution of marriage case is discretionary with the trial court and depends upon a consideration of all the facts and circumstances presented. *Friedenbach v. Friedenbach,* 204 Neb. 586, 284 N.W.2d 285 (1979); *Witcig v. Witcig,* 206 Neb. 307, 292 N.W.2d 788 (1980). There was no abuse of discretion by the trial court in the case at bar.

The judgment of the District Court is affirmed. The wife is allowed the sum of $1,500 for the services of her attorney in this court.

AFFIRMED.