PETER SWANSEN, PLAINTIFF IN ERROR, V. GURILLA SWANSEN, DEFENDANT IN ERROR.

1.  Practice in Supreme Court: DIVORCE: ERROR.  A decree of divorce and alimony was rendered November 18th, 1880, and a transcript of the proceedings and a petition in error filed in the supreme court July 27th, 1881, no motion for a new trial having been filed in the court below. *Held* (more than six months having elapsed since the rendition of the decree,) that none of the errors assigned in the proceedings of the court could be considered.  In such case, the sole question presented is the sufficiency of the petition to sustain the judgment.

2.  ————: APPEAL.  An appeal in equity causes will lie to the supreme court from a final order or judgment of the district court, in which case no motion for a new trial is necessary.  But if an equity cause is taken on error to the supreme court, the same procedure must be had as in an action at law.

3.  Alimony.  A decree, declaring alimony a lien upon real estate, reversed.

ERROR to the district court for Dodge county.  Tried below, before POST, J.  The opinion states the case.

*William Marshall,* for plaintiff in error.

*W. H. Munger,* for defendant in error.

MAXWELL, CH. J.

On the 18th day of November, 1880, the defendant in error obtained a decree of divorce from the plaintiff, in the district court of Dodge county.  The court also awarded $250.00 to said defendant as alimony, and decreed that the same be a lien upon the real estate of the plaintiff.  On the 27th day of July, 1881, a transcript of the proceedings in the district court and a petition in error were filed in this court.  The attorney for the defendant now moves to strike out of the petition in error the 2d, 3d, 4th and 5th assignments, upon the ground that the errors assigned therein cannot be considered, no motion for a new trial having been made in the

court below. The record shows that no motion for a new trial was made, and none of the alleged errors brought to the attention of the trial court. This was necessary, in order to have a review of the proceedings of the court below by petition in error. The motion for a new trial, however, is to correct error in the proceedings, and it is not necessary to raise an objection to a vital defect in a petition, like a failure to state a cause of action. This may be taken advantage of at any time, no motion for that purpose being necessary. In our dual system of practice, an appeal in actions in equity may be taken to the supreme court from a final decree in the district court, at any time within six months from the rendition of the decree, and no motion for a new trial is necessary, while in actions at law and equity cases, taken on error to the supreme court, a motion for a new trial containing the errors complained of, must have been filed and acted upon by the trial court. *Cutler v. Roberts,* 7 Neb., 9; *Midland R. R. Co. v. Mc-Cartney,* 1 Id., 406; *Mills v. Miller,* 2 Id., 317; *Wells, et al., v. Preston,* 3 Id., 446; *Cropsy v. Wiggenhorn,* Id., 117; *Singleton v. Boyle,* 4 Id., 11. The petition in error is to be filed within one year after the date of rendition of the final judgment. It is desirable, perhaps, that the procedure should be the same in law and equity cases. And certainly no discrimination should be made in the time of filing transcripts in this court. But this is a consideration to be addressed to the legislature. As there was no motion for a new trial filed in the court below, the motion to strike out must be sustained. The only question therefore to be considered, is the sufficiency of the petition to sustain the judgment.

In our opinion the petition is sufficient to sustain the decree of divorce, but not sufficient to sustain a decree making the alimony a lien upon the real estate of the plaintiff in error. The allegations as to the ownership

of property are as follows: "That said defendant is the owner of personal property and money of the value of fifteen hundred dollars, and is the owner of one hundred and twenty acres of land, situated in Dodge county, of the value of fifteen hundred dollars," etc.

Section 22 of the chapter in relation to divorce and alimony, (Comp. Stat., Chap. 35.) provides that: "Upon every divorce from the bonds of matrimony, for any cause excepting that of adultery, committed by the wife, and also upon every divorce from bed and board from any cause, if the estate and effects restored or awarded to the wife shall be insufficient for the suitable support and maintenance of herself and such children of the marriage as shall be committed to her care and custody, the court may further decree to her such part of the personal estate of the husband, and such alimony out of his estate as it shall deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case."

Section 26 provides that: "In all cases where alimony or other allowance shall be decreed for the wife and children, the court may require sufficient security to be given by the husband for the payment thereof, according to the terms of the decree; and upon the neglect or refusal of the husband to give such security, or upon his failure to pay such alimony and allowance, the court may sequester his personal estate, and the rents and profits of his real estate, and may appoint a receiver thereof, and cause such personal estate, and the rents and profits of such real estate, to be applied to the payment thereof."

This procedure should have been followed in this case, and the decree, so far as it makes the alimony a lien upon the real estate, is reversed. Undoubtedly the court has authority to enforce its decrees as to alimony, but the extent to which it may go in the enforcement of

·such decree is not now before the court. The decree of the court below will be modified in conformity with this opinion.

JUDGMENT ACCORDINGLY.