JOHN BARND v. W. H. HUNT.

[FILED JUNE 29, 1891.]

1. **Elections:** CONTEST: THE STIPULATION of the parties set out in the opinion, *held*, to have submitted to the trial court only the twenty-one scratched ballots, and the questions arising as to counting or rejecting them, confined to the form and substance of the ballots at the time of filing the stipulation by the parties.

2. **The finding and judgment** of the trial court, *held*, to be in accordance with the provisions of secs. 80 to 100 inclusive, chap. 26, Comp. Stats., in the absence of any record evidence to the contrary.

APPEAL from the district court for Buffalo county. Heard below before GROFF, J., sitting for HAMER, J.

*John Barnd,* and *Hartman & Dryden,* for plaintiff in error.

*Marston & Nevius, contra.*

COBB, CH. J.

The plaintiff in error at an election held in the city of Kearney, on Tuesday, April 3, 1888, was apparently elected councilman for a term of two years, in the Fourth ward, by a majority of one vote and was qualified and entered into the office. His election and his title were contested by the defendant in error, who apparently lacked two votes of a majority, and who brought his contest to the district court of said county with this stipulation :

"It is hereby stipulated by and between the parties hereto, that all the allegations in the petition filed herein are admitted to be true as therein alleged, except *that the contestant had a majority of the votes cast at said election, and was duly elected as councilman for the 'long term' in said ward.* It is further admitted and agreed that one hundred and twenty 'straight votes' were cast for the said W. H. Hunt, and one hundred and seventeen 'straight votes' were cast for said John Barnd at said election for said 'long term,' and that there were twenty-one scratched ballots cast at said election for the candidates for said office, and these ballots were to be submitted to the court to be counted or rejected, as he may determine.

"JOHN BARND, *Dfdt.*
"MARSTON & NEVIUS,
"*Attorneys for W. H. Hunt.*
"Dated February 18, 1889."

The contestee had answered with a general denial.

On February 19, 1889, the contest was tried in the court below upon the pleadings and the stipulations, and upon the examination of said ballots the court found that of the ballots numbered consecutively from 1 to 21 inclusive, for identification and convenient reference, those numbered 2, 3, 6, 7, 9, 10, 11, 12, 15, and 21 were cast for John Barnd, contestee, and, added to 117 votes admitted in the stipula-

tion, gave him the total number of 127; that the numbers 1, 4, 5, 8, 13, 19, and 20 were cast for William H. Hunt, contestant, which, added to the 120 votes admitted in the stipulation to have been cast for him, makes the total number of 127, and that the ballots remaining, numbered 14, 16, 17, and 18, be rejected as void; and it appearing from the count that each of the candidates had received an equal number of votes, and that the result was a tie vote, it was ordered that the parties proceed to determine the contest by lot, as provided by statute, and to this end that the lot be prepared and cast by a ballot inscribed with the word "councilman," being placed in an envelope, and a blank ballot of the same character, in an exactly similar envelope, sealed and placed in a hat by the court, to be drawn thence by the sheriff, blindfolded, who shall call out, at the same time, the name of the candidate for whom he draws, and if the envelope so drawn contains the ballot of "councilman" the candidate so called shall be chosen and declared as having been duly elected; and if the envelope drawn contains the blank ballot, then the candidate not called by the sheriff shall be chosen and declared duly elected to the office of councilman of the Fourth ward of the city of Kearney. This order having been executed, the drawing by lot having taken place, and the sheriff having drawn from the hat one of the envelopes, saying that he drew for John Barnd, it was found by the court to contain the blank ballot, it was thereupon ordered and adjudged that the contestant, William H. Hunt, be, and he is hereby, declared the duly elected councilman for the long term in the Fourth ward of the city of Kearney, and is entitled to the possession of said office, and to all the honors and emoluments from May 1, 1888, to the end of said term. It was further ordered and adjudged that the contestant have and recover from the contestee, and Sylvester S. St. John and A. H. Bertrand, his sureties on the appeal bond, the sum of $150 as his salary as councilman from May 1, 1888, to February 1, 1889, and the costs of suit.

To which the contestee excepted on the record and brought his appeal to this court, and filed, an approved bond, under which further proceedings were stayed by the authority of sections 98 and 99 of chapter 26 of the statutes of this state entitled "Elections."

The proceeding is brought here on a petition in error—by the error of counsel—but it is, in fact, an appeal from the judgment of the district court under section 98 of the statute referred to. No bill of exceptions appearing in the record, the merits of the arbitrament and hazard through which the proceedings in the court below were conducted, under section 95 of the chapter of the statute before cited, cannot now be considered. It is presumed they were consistent with the law and with propriety. The cause being on appeal, and to be considered equitably, the motion to overrule its appearance here, and to remand it to the judgment of the district court, for the want of a motion for a new trial there, is overruled. It was held in *Swansen's Case*, 12 Neb., 210, " that an appeal in equity causes will lie to this court from a final order or judgment of the district court, in which case no motion for a new trial is necessary." This proceeding is an appeal under the statute, from which, as to its character, no contention can arise. The stipulation of the parties is to the direct purpose of ascertaining who was to be the councilman ; and if judgment of ouster should be given against the incumbent, that, under section 99 of the statute referred to, judgment should be " rendered against the appellant and the sureties on his bond for the amount which the appellee is entitled to recover from the appellant on account of such contest, together with costs." This amount, which the appellee was entitled to recover, was the amount of stipend, or salary, due him as councilman, for which judgment is given in this case, under section 99 of the statute cited.

The objections offered by the plaintiff in error to the judgment in the court below are therefore necessarily over-

ruled under the statute, and the judgment of the court below is

AFFIRMED.

THE other judges concur.