WILLIAM A. FORD, APPELLANT, V. LOUISA E. FORD, APPELLEE.

FILED OCTOBER 2, 1917. No. 19609.

**Divorce:** ALIMONY: RECEIVERSHIP. Preliminary to making the order for the appointment of a receiver of the husband's property, provided for in section 1589, Rev. St. 1913, there must be an order, also provided for in said section, requiring the husband to give security for payments of alimony, according to the terms of the decree, and a failure or refusal upon his part to give such security.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Reversed.*

*Arthur C. Pancoast* and *A. J. Kinnersley,* for appellant.

*D. L. Johnston* and *George Turkington, contra.*

CORNISH, J.

In April, 1915, the defendant, Louisa E. Ford, obtained a decree of divorce *a mensa et thoro* from the plaintiff, and was awarded $30 a month alimony, together with the use and occupation of the home, which was a considerable portion of plaintiff's real property. Afterwards, on November 29 of that year, the plaintiff being in default of payment of alimony, defendant filed her petition in the original suit, making application for the appointment of a receiver for plaintiff's real and personal estate, in accordance with the provisions contained in sections 1589, 1590, Rev. St. 1913. A demurrer to the petition was overruled, and plaintiff in his answer alleged, among other things, that the defendant's action was prematurely brought, in that no order had been entered by the court, and no request made therefor, requiring plaintiff to furnish security for any payments due or to become due defendant under the terms of the original decree. The trial court ordered the appointment of a receiver to take charge of all of plaintiff's property, including real estate in another county.

It is one of the contentions of plaintiff that, in proceedings commenced under section 1589, Rev. St. 1913, preliminary to an order appointing a receiver, there must be an order requiring sufficient security to be given by the husband for the payment of alimony according to the terms of the decree. This was not done in this case. We are of opinion that the contention of plaintiff is right. It is argued that the plaintiff had refused to secure the payment of future instalments of alimony, and that, such being the case, the order that security be given would have been useless. Plaintiff, on the trial of the issues made in the application for a receiver, had a right to resist, for reasons that might appear good to him, either the order that se-

curity be given or that a receiver be appointed. It does not follow, because that was his attitude upon the trial, that he would not give the security if the court ordered it. The presumption is that he would. The order requiring security to be given and the one appointing a receiver are both somewhat extraordinary and drastic remedies. Such orders cannot be made except in strict compliance with the statute. *Nygren v. Nygren,* 42 Neb. 408. The order requiring security should be made only as it appears to the court that such an order is necessary to make sure the payment of the alimony decreed. If such an order is made and not complied with, then the court, in appointing a receiver, should put into the hands of the receiver only so much of the husband's property as appears necessary to be held to make sure the payments due and to become due.

Under the statutes, a decree for the payment of alimony is in the nature of a general judgment. What the rights of the wife as judgment creditor may be for the appointment of a receiver, in case the husband is fraudulently disposing of his property for the purpose of avoiding payment of the judgment, is not involved in this case, this being a proceeding brought under sections 1589, 1590, Rev. St. 1913. *Fall v. Fall,* 75 Neb. 120, 139.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.