LYDIA BRUENING, APPELLEE, v. ERWIN G. BRUENING, APPELLANT.

9 N. W. (2d) 399

FILED APRIL 30, 1943. No. 31556.

*Thomas E. Conley* and *George Evens*, for appellant.

*Frank L. Frost* and *Frederick L. Wolff, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

MESSMORE, J.

This case is here on the transcript. An examination of the record discloses that on May 27, 1941, the plaintiff filed a petition, charging defendant Erwin G. Bruening with extreme cruelty, and praying for a decree of separate maintenance, child support, reasonable alimony, suit money and attorney's fees. On August 26, 1941, defendant Bruening answered by filing a general denial. January 7, 1942, the court entered an order, in substance finding generally in fa-

vor of the plaintiff and against defendant Bruening; that the plaintiff is entitled to a divorce; that out of the proceeds of defendant Bruening's business, an employee, named Growney, in charge by order and direction of the court, pay on the 6th day of each and every month $150 for the support of the two minor children of plaintiff and defendant Bruening, placed in the custody of plaintiff, plaintiff to recover costs expended and attorney's fees. The order also provided that the plaintiff live separate and apart from defendant Bruening until further order of the court. On July 7, 1942, defendant Bruening filed a motion to revoke, set aside and vacate the order, filed of record January 7, 1942, in its entirety. On July 8, 1942, the plaintiff filed an application, praying for an order, setting aside the order of January 7, 1942, and terminating the payment of $75 a month to the husband out of the proceeds of his business. On July 18, 1942, an amended and substituted motion by defendant Bruening was filed, praying for an order vacating, setting aside and revoking each and every order set out, save that part of the order of January 7, 1942, wherein the court allowed and granted temporary alimony and support money for the minor children until further order of the court, and allowances for attorney's fees and costs; asked that the order restraining and enjoining such defendant be dissolved and that the trusteeship created and established by the court December 17, 1941, and reaffirmed in the order of January 7, 1942, be dissolved, and that the employee Growney file a complete and accurate report of his actions and doings as such trustee for the approval of the court. Later, the word "trustee" was eliminated by order of the court. On July 27, 1942, defendant Bruening filed an amended and substituted answer and cross-petition; on August 13, 1942, defendant Bruening filed an amended cross-petition; on August 31, 1942, the plaintiff replied to defendant Bruening's amended cross-petition; and on September 23, 1942, by leave of court, the plaintiff filed an amended reply and answer to defendant's amended cross-petition.

It appears from the transcript that a trial was started on September 22, 1942. Nothing further appears with reference to this trial. The defendant Bruening's amended cross-petition was dismissed at such defendant's request. On September 23, 1942, the plaintiff filed an application for modification and termination of the order made January 7, 1942, especially with reference to an allowance made to defendant Bruening of $75 a month out of his business, and requesting that such allowance be vacated.

It is noted by the transcript that in motions filed by defendant Bruening he requested the court to vacate all previous orders made. On July 21, 1942, the court entered an order that, on consideration of defendant Bruening's contentions, it grants the same. This means that all former orders have been vacated and set aside, which included the order of January 7, 1942. The court also said in this order, by granting defendant's contentions the court provides that defendant give sufficient security for the payment of $75 a month for child support and $75 a month for maintenance of plaintiff until further order of the court; so, all that remained were the payments set out in this order.

The foregoing circumstances warrant the conclusion that the action is still pending, and no final order, determining the rights of the parties, has been entered upon which an appeal can be based.

The principal question concerns the taking over of the business and property of defendant Bruening. In the petition of May 27, 1941, the Nickel-Ette System and William F. Growney, one of its operators, and the Omaha National Bank were made parties defendant, for the purpose of procuring an order restraining such defendants from disposing of or removing, transferring or encumbering any of the assets of defendant Bruening's business. Pursuant thereto, a restraining order was granted, the bank account was tied up, and the employee Growney placed in charge of the business and later in absolute charge. He did not give a bond; he was not designated as a receiver, nor as a trustee.

On September 28, 1942, defendant Bruening filed a motion to have the court fix the amount of the bond that such defendant was required to give in order to have his business restored to him, now in control of the employee Growney by direction of the court. On October 8, 1942, the court entered an order that defendant give bond with statutory security, or in the sum of $10,000, and, upon giving due approval of bond with either of said conditions, possession and control of all property described in the order of the court be placed in the hands of defendant Bruening. On October 20, 1942, defendant Bruening gave notice of appeal.

Section 42-323, Comp. St. 1929, provides in part: "In all cases where alimony or other allowance shall be decreed for the wife or for the children, the court may require sufficient security to be given by the husband for the payment thereof, according to the terms of the decree. And upon the neglect or refusal of the husband to give such security, or upon his failure to pay such alimony or allowance, his real or personal estate may be sold as upon execution for the payment of any sums due upon such decree. And in default of security for payment of instalments in future to fall due, the court may also appoint a receiver to take charge of his real or personal estate, or both, and hold the same, and the rents, issues, interests and profits thereof for security for the payment of instalments in future falling due."

The foregoing section of the statute is clear, definite and unambiguous. It is a provision by statute for sequestration of a defendant's property and the appointment of a receiver in a divorce action. *Swansen v. Swansen,* 12 Neb. 210, 10 N. W. 713, noted the statutory authority for the appointment of a receiver in a divorce action.

The case of *Ford v. Ford,* 101 Neb. 648, 164 N. W. 577, Annotation, 95 A. L. R. 908, held that, preliminary to making the order for the appointment of a receiver of the husband's property in a divorce action, as provided by statute, there must be an order also provided for in said section, requiring the husband to give security for the payment of

alimony, according to the terms of the decree, and a failure or refusal on his part to give such security. In the opinion it was said: "The order requiring security to be given and the one appointing a receiver are both somewhat extraordinary and drastic remedies. Such orders cannot be made except in strict compliance with the statute. *Nygren v. Nygren*, 42 Neb. 408. The order requiring security should be made only as it appears to the court that such order is necessary to make sure the payment of the alimony decreed. If such an order is made and not complied with, then the court, in appointing a receiver, should put into the hands of the receiver only so much of the husband's property as appears necessary to be held to make sure the payments due and to become due.

"Under the statutes, a decree for the payment of alimony is in the nature of a general judgment."

We do not determine the wife's rights as a judgment creditor, in case the husband is fraudulently disposing of his property for the purpose of avoiding payment of the judgment, for the reason that the matter is not properly before this court under the record. It is patent that the law as here stated was not followed in the instant case. We deem it advisable to call attention to the foregoing provision of the statute and the decisions of this court with reference thereto, and their applicability to the instant case.

As explained herein, the subject-matter of this action is, in its entirety, still in the district court, and the cause is remanded for trial, or any other disposition that may be legally made of the issues.

JUDGMENT ACCORDINGLY.