SHIRLEY JEAN CASSELMAN, APPELLANT AND CROSS-APPELLEE, v. KYLE CASSELMAN, APPELLEE AND CROSS-APPELLANT.

214 N. W. 2d 278

Filed January 18, 1974. No. 39021.

George A. Sommer, for appellant.

James R. Hancock, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is a divorce proceeding in which the trial court found the marriage was irretrievably broken; determined custody of the minor children; made a division of the property; and awarded alimony and child support to the plaintiff. The plaintiff wife has appealed, claiming the property settlement and award of alimony were inadequate. The defendant husband has cross-appealed, claiming the award of alimony was excessive.

The parties were married on September 19, 1957. They have three minor children. There is no controversy concerning the custody of the children or the amount of child support awarded to the plaintiff.

The plaintiff was 36 years of age and in good health at the time of the trial in the District Court. She has been a beautician for 18 years and is qualified as a cosmetology instructor. She has operated beauty shops and a beauty school.

The defendant was 57 years of age at the time of the trial. He is partially paralyzed as a result of polio, but is able to get around by the use of crutches. He is licensed to practice law in Wyoming and has an office in Torrington, but his practice is limited to income tax work. His principal source of income is the property located in Scotts Bluff County, Nebraska.

The trial court assigned to the plaintiff all personal effects and household goods in her possession; the equipment located in the beauty shops in Scottsbluff and Torrington; a bank account in her name; a 1965 Corvette automobile; and a commercial building in Bayard, Nebraska, used as a beauty shop. All other property was assigned to the defendant. The defendant was ordered to pay alimony in gross at the rate of $500 per month for 121 months from April 1, 1973. The alimony payments do not terminate upon the death or remarriage of either party.

The principal controversy centers around the value of the property assigned to the defendant. This property consists largely of cattle, farm machinery, and real estate. The real estate consists of both city property and farm real estate. Most of the real estate came to the defendant through his parents. One farm, known as the Bryan farm, was purchased during the marriage. This purchase was financed by a purchase money mortgage and the mortgage of other property.

The plaintiff claims the property considered as a whole had a net value in excess of $530,000. The defendant claims the real estate and cattle had a value of $364,000. The defendant also claims indebtedness in excess of $230,000, part of which must be paid in the immediate future.

The evidence shows that much of the city real estate is in poor condition and needs renovation. The farm real estate appears to have speculative value for possi-

ble future residential or commercial development but is poor land for agricultural purposes.

Upon the dissolution of a marriage the court may order payment of such alimony by one party to the other as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party. § 42-365, R. S. Supp., 1972; Magruder v. Magruder, 190 Neb. 573, 209 N. W. 2d 585.

When all the circumstances in this case are considered, we believe the property settlement and award of alimony by the trial court were reasonable. The plaintiff is in good health and is capable of earning a good living. The alimony award will assist her through the period during which her youngest child will require the most care. On the other hand, the defendant is not in good health and is dependent upon the real estate to provide the income necessary to support the plaintiff, the children, and himself. It will require careful management to discharge his indebtedness and at the same time maintain the property so that it can provide the payments due the plaintiff. We conclude that the judgment of the District Court should be affirmed.

The plaintiff was awarded $2,500 for the services of her attorney in the District Court. We find this fee was adequate for his services in both courts. All costs are taxed to the defendant.

AFFIRMED.

Adopted by the court before January 1, 1974.