H. STARR, APPELLANT AND CROSS-APPELLEE, V.
P. STARR, APPELLEE AND CROSS-APPELLANT.

271 N. W. 2d 464

Filed November 15, 1978. No. 41640.

Robert D. Mullin, Thomas A. Gleason, and Boland, Mullin & Walsh, for appellant.

Abrahams, Kaslow & Cassman, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, and WHITE, JJ., and VAN PELT, District Judge, and KUNS, Retired District Judge.

BOSLAUGH, J.

This is an appeal in a proceeding for the dissolution of a marriage. The trial court dissolved the marriage; divided the property of the parties; and awarded the petitioner alimony and attorney's fees. The petitioner has appealed and the respondent has cross-appealed.

The parties were married in 1949. They have three children, all of whom have reached their majority. Eric, now 27, was graduated from medical school and is completing his residency. Craig, now 25, has a degree in political science. Susan, now 21, is completing undergraduate studies.

The parties separated in 1969. This action was commenced in 1975.

The respondent was 57 years of age at time of trial and is a psychiatrist engaged in private practice in Omaha, Nebraska. His net income from his medical practice from 1970 to 1976 has ranged from approximately $79,000 to $51,000 per year. During this same period of time he had other income of from $2,750 to $15,710 per year. The evidence indicates that the income from his practice has been decreasing in recent years.

The petitioner was 54 years of age at time of trial. Although the petitioner was employed at the time she was married and continued to work until the birth of her first child, she has no particular skills or training and has not been employed for 26 years. She has a heart condition which is not seriously disabling but it is such that it is doubtful whether she should attempt to seek employment at this time.

The principal issue in this appeal is the division of property and award of alimony made by the trial

court. The total value of the property owned by the parties was approximately $550,000. The petitioner was awarded the residence of the parties including the furnishings, valued at $125,000, a 1974 Mustang automobile, and life insurance policies, securities, and cash items having a total value of $166,238 according to the findings of the trial court. The petitioner was awarded alimony at the rate of $1,250 per month until her death or remarriage.

The respondent was awarded the remainder of the property subject to indebtedness of approximately $143,000, a substantial portion of which was incurred by the respondent after the separation.

The petitioner claims that the division of property was unfair because the residence property should have been valued at approximately $80,000; that the petitioner should have been awarded approximately $14,000 additional for an inheritance which she received in the early 1960's; that she should have been awarded the $40,480 balance in an agency account at the Omaha National Bank; and that an additional award should be made to her to compensate for the depletion of assets which resulted from lavish gifts and other expenditures the respondent has made for the children since the parties separated in 1969. The petitioner further contends that the alimony should be increased to not less than $2,000 per month.

The respondent contends that award of property and alimony made to the petitioner was excessive; that the residence should have been valued at $140,000; and that the alimony award should be reduced to $500 per month and terminated when the respondent reaches age 65.

The evidence concerning the valuation of the residence was in conflict. We believe the record sustains the findings of the trial court as to the valuation of the residence and its furnishings and we adopt those findings as our own.

The life insurance policies awarded to the peti-

tioner are seven policies owned by the petitioner which have a net cash value of $18,524. The annual premiums amount to $4,125. Five of the policies have a face value of $105,000 and insure the life of the respondent. The other two policies insure the lives of Eric and Craig. We think a more equitable division of the property would result if the seven life insurance policies were awarded to the respondent and the agency account at the Omaha National Bank, or its monetary equivalent, were awarded to the petitioner.

The petitioner was awarded alimony for the remainder of her life or until her remarriage. Alimony awards payable in the form of an annuity for life are not favored.

If the amount awarded as alimony is increased to $1,700 per month and the time during which it is payable is reduced to 12 years, the alimony awarded will have approximately the same present value based upon the petitioner's expectancy although the total sum paid by the respondent will be less. Such a modification will relieve the respondent from making monthly payments during his retirement years and will give the petitioner the benefit of the award during her more active years.

The trial court allowed the petitioner $15,000 for the services of her attorneys in the trial court. While this was a substantial amount, we do not believe it was excessive under the circumstances in this case. The financial affairs of the respondent were quite complicated and considerable discovery procedures were necessary to develop the facts so that an adequate presentation of the case could be made.

The judgment of the District Court is modified to provide that the seven life insurance policies described in paragraph V(d) of the judgment are awarded to the respondent; the agency account in the Omaha National Bank, or its monetary equivalent, is awarded to the petitioner; and the alimony award

is modified to provide that the respondent shall pay to the clerk of the District Court for Douglas County, Nebraska, for the support and maintenance of the petitioner, the sum of $1,700 per month for a period of 12 years commencing July 20, 1977, said payments to terminate upon the death or remarriage of the petitioner but not upon the death of the respondent. The judgment of the District Court in all other respects is affirmed.

The petitioner is allowed the sum of $1,500 for the services of her attorney in this court.

AFFIRMED AS MODIFIED.