SHIRLEY JEAN CASSELMAN, APPELLEE, v. KYLE CASSELMAN, APPELLANT.

284 N. W. 2d 7

Filed October 2, 1979. No. 42306.

Bertrand V. Tibbels, for appellant.

George A. Sommer, for appellee.

Heard before BOSLAUGH, MCCOWN, and CLINTON, JJ., and BURKE and WHITEHEAD, District Judges.

WHITEHEAD, District Judge.

This is an appeal from the trial court's order requiring defendant to post security for payment of alimony and child support under provisions of sections 42-365 and 42-371(5), R. R. S. 1943, and an allowance of attorney's fees.

The issues raised on appeal are that the court erred in requiring security, erred in failing to describe the type and amount of security required, and erred in awarding attorney's fees. The decree of divorce was entered in this matter on January 5, 1973, and was affirmed by this court on January 18, 1974. Casselman v. Casselman, 191 Neb. 138, 214 N. W. 2d 278.

Under the terms of the decree of divorce the defendant was required to pay $100 per month per child for child support until April 1, 1973, and after that time the child support was increased to $125 per month per child for each of the two minor children of the parties who were in the custody of the plaintiff. The court also awarded monthly payments of alimony of $500 to be continued for 121 months after April 1, 1973. The court additionally decreed that all of defendant's property was subject to a lien for payment of the child support and alimony.

The defendant owns four irrigated farms with a total irrigated acreage of 500 acres which he estimated to be worth $2,000 an acre, several business and commercial properties located in downtown Scottsbluff, other large valuable tracts of undeveloped real estate near the city of Scottsbluff, and

residential rental properties, all of which he estimates to have a value of over 1 million dollars. The defendant has allowed almost all of his property to become tax delinquent and the taxes due as of January 17, 1978, with interest, total $97,923.56. Some of the taxes have been delinquent since 1969. Tax sale certificates have been issued on several of the properties and on one of them foreclosure proceedings have been instituted. Two farm properties are the subject of a foreclosure action now pending. Since the entry of the decree on January 5, 1973, the defendant has consistently been delinquent in his payments of child support and alimony, allowing them to accumulate to delinquencies of as much as $8,500.

The plaintiff, through her attorneys, had to resort to various procedures to collect the alimony and child support, including contempt actions, executions, and garnishment proceedings. There is no showing that the defendant, although aware of the pending tax foreclosures, mortgage foreclosures, unpaid real estate taxes, and the alimony and child support, has made any definite arrangements for payment of these obligations or payment by refinancing the existing mortgages, real estate taxes, and accruing costs. Plaintiff filed a motion to require the defendant to post sufficient security to insure payment of child support and alimony payments under section 42-371(5), R. R. S. 1943, alleging that the defendant had habitually failed to pay the amounts due her for alimony and child support and that it had been necessary to enforce the judgment of the court by executions and garnishment proceedings. Plaintiff also prayed that upon the failure of the defendant to comply with such an order, the court appoint a receiver to take charge of the defendant's property to insure payment of the amounts due the plaintiff. Also, a motion was filed for additional attorney's fees for litigating a previous garnishment proceeding and successfully defending

plaintiff's claim to the garnishment proceeds against the claim of intervenors. The plaintiff's motions were granted and the court entered an order requiring the defendant to post security within 30 days from the date of entry of the order and required the defendant to pay plaintiff $354.65 fees, costs, and expenses, payable within 30 days from the date of the entry of the order. The defendant perfected his appeal from this order.

Section 42-371(5), R. R. S. 1943, provides: "The court may in any case, if it finds it necessary, order a person required to make payments under sections 42-347 to 42-379 to post sufficient security with the clerk to insure payment. Upon failure to comply with the order the court may also appoint a receiver to take charge of the debtor's property to insure payment." Payments included under this section are payments for child support and alimony. This court previously, in interpreting a similar provision in an earlier statute, stated as follows: "The order requiring security to be given and the one appointing a receiver are both somewhat extraordinary and drastic remedies. * * * The order requiring security should be made only as it appears to the court that such an order is necessary to make sure the payment of the alimony decreed." Ford v. Ford, 101 Neb. 648, 164 N. W. 577.

This court has previously ruled that reasonable security for payment of alimony or child support should be invoked only when compelling circumstances require it. Wheeler v. Wheeler, 193 Neb. 615, 228 N. W. 2d 594. The record in this case reflects almost total failure of the defendant to voluntarily pay the child support and alimony since entry of the decree; the plaintiff has suffered considerable trouble, expense, and many extraordinary proceedings, including contempt citations, garnishments, and executions; and there appears to be no attempt by the defendant to comply with the order of the court.

Also, the defendant's conduct appears to be such that much of the security that the plaintiff has may be lost through foreclosure proceedings. Therefore, the court is of the opinion that the order entered requiring security is fit and proper and should be affirmed.

The defendant further states that the court should have outlined what type and amount of security the defendant had to set forth. This court feels just the opposite. There are many means of adequately securing the payments of the alimony and child support. We are not of the opinion that it is the court's prerogative to determine what method the defendant should use in placing security. It is the court's obligation, however, once security is offered, to determine whether or not, in its opinion, it is adequate to secure the payments of the child support and alimony, and, if it deems it is not adequate, require the defendant to file additional or substitute security.

The defendant's objection to allowance of attorney's fees is not well taken. It is specifically provided in section 42-351, R. R. S. 1943, that the District Court has jurisdiction in such matters, including the award of costs and attorney's fees. This court has on numerous occasions stated that an award of attorney's fees is discretionary with the trial court. See, Badberg v. Badberg, 193 Neb. 844, 229 N. W. 2d 552; Sullivan v. Sullivan, 192 Neb. 841, 224 N. W. 2d 542. We find that the court's allowance of attorney's fees was proper, and the court further allows the plaintiff-appellee the sum of $1,000 additional for services of her attorney in this court.

In conclusion, none of the defendant's assignments of error have any merit. The trial court was correct in all respects and its judgment is affirmed.

AFFIRMED.