RICHARD E. WITCIG, APPELLEE AND CROSS-APPELLANT, V. FRANCES I. WITCIG, APPELLANT AND CROSS-APPELLEE.

292 N. W. 2d 788

Filed May 28, 1980. No. 42642.

Perry, Perry, Witthoff and Guthery, for appellant.

Crosby, Guenzel, Davis, Kessner & Kuester, for appellee.

Heard before BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

In this case, Frances I. Witcig appeals and Richard E. Witcig cross-appeals from a decree entered by the District Court for Lancaster County, Nebraska, on January 3, 1979, in a dissolution action between the aforementioned parties. In its decree, the trial court found that the marriage between the parties was irretrievably broken and dissolved the marital relationship. It awarded custody of the minor child, Richard Edward Witcig, Jr., to Frances, subject to reasonable rights of visitation by Richard; ordered Richard to pay child support in the sum of $200 a month until such time as the minor child attained his majority, died, or married, whichever should occur first; and required Richard to continue medical and hospital insurance in effect for the child. The court awarded the residence of the parties in Lincoln, Nebraska, to Frances but required her to assume and pay the mortgage on said property. The court also awarded to Frances all the items of furniture and fixtures located in the residence, a Dodge automobile, all bank accounts and insurance policies in her name, all her merchandise and interest in her Avon products business; and further ordered Richard to pay Frances alimony in the amount of $350 per month until her death or remarriage, with the specific provision that, at such time as Richard retires from his service with the federal government, he shall request that a survivor's annuity be established for Frances in that sum, pay-

able upon petitioner's death by the U. S. Government until such time as Frances dies or remarries, whichever occurs first. The court also required Richard to file a certified copy of the decree under 5 U.S.C. § 8345 (Supp. II 1978). In its decree, the court also provided that Richard was to be relieved of all mortgage obligations upon the home; that he should receive the Oldsmobile automobile and all bank accounts, certificates of deposit, savings bonds, stocks, and insurance policies standing in his name; and that any and all property that either Frances or Richard hold jointly with either or both of their children, as well as property that Richard holds jointly with his sister, was not to be considered marital property subject to division, with the exception that some property and savings accounts held jointly by Richard and the minor child were ordered to be held in trust for the benefit of the minor child. The decree also provided, with reference to certain missing or misplaced U. S. savings bonds, that when and if such bonds were reissued, they should be divided equally between Richard and Frances. Finally, the trial court, in its decree, provided that the costs of the action should be taxed to Richard, with certain exceptions, and ordered Richard to pay partial attorney's fees to Frances' attorney, as well as to his own attorney, and also certain fees for expert witnesses.

In her brief on appeal, Frances makes the following assignments of error: (1) That the court erred in finding the marriage irretrievably broken; (2) That the alimony awarded to her is grossly inadequate and insufficient; (3) That the child support award of $200 a month for the minor child is grossly inadequate; (4) That the property division was patently unfair; (5) That the trial court erred in not considering as marital assets property held jointly by Richard and his sister; (6) That the trial court erred "in not considering an annuity receivable" (Richard's federal pension) as part of the accumu-

lated marital property; (7) That the trial court did not correctly value the assets and receivables in its evaluation of the marital estate; (8) That the judgment was contrary to law; and (9) That the judgment was contrary to the evidence. For reasons hereinafter stated, we affirm the judgment of the trial court.

The parties to this action were married on March 9, 1947. Two children were born as issue of the marriage; however, at the time of trial, only one of the children, Richard E. Witcig, Jr., was a minor. As previously stated, the custody of the minor child was placed in Frances, with visitation rights given to Richard. The action of the trial court in this regard is not an issue on this appeal. The record reveals that the marriage between the parties was a lengthy and, for the most part, a very stormy one. The litigation which ensued was bitter, with recriminations and accusations made by both parties, including charges of physical assaults and infidelity. While it is true that the parties had resided at the same address in Lincoln for 13 years, it is likewise true that Richard and Frances had lived apart for some time, with Richard residing in the basement of the residence, and Frances and the minor child residing in the upper floors. The record reveals that they had sought counseling from various persons throughout the duration of the marriage, but that such counseling had been of little help in their attempts to resolve their difficulties. The parties have agreed on the various items of the marital property with certain exceptions, most notably the value of certain bank accounts and savings bonds, as well as the value of Richard's pension with the Social Security Administration as the result of his financial contributions through his many years of government employment with that agency. Further reference will be made to these items in our discussion of the specific assignments of error.

As previously stated, Frances first assigns as error the action of the District Court in finding that the marriage was irretrievably broken. Specifically, she relies on Neb. Rev. Stat. § 42-361(2) (Reissue 1978), which provides as follows:

If one of the parties has denied under oath or affirmation that the marriage is irretrievably broken, the court shall consider all relevant factors, including the circumstances that gave rise to the filing of the petition and the prospect of reconciliation, and shall make a finding whether the marriage is irretrievably broken.

Frances contends that the finding that the marriage was irretrievably broken was erroneous, as only "slight or trivial" reasons were given for the dissolution. The record is undisputed that the parties have not lived together for a long period of time. In *Mathias v. Mathias,* 194 Neb. 598, 600, 234 N.W.2d 212, 213-14 (1975), we stated: "When a personal relationship with another under the institution of marriage has deteriorated to the point that the parties can no longer live together the marriage is irretrievably broken." In *Boroff v. Boroff,* 204 Neb. 217, 218-19, 281 N.W.2d 760, 761-62 (1979), we set forth the standard of review of dissolution actions in this court as follows:

While in a divorce action the case is to be tried de novo, this court will give weight to the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of facts rather than the opposite. Patton v. Patton, 203 Neb. 638, 279 N. W. 2d 627 (1979). Obviously a trial court weighs the credibility of the witnesses and the evidence and determines what evidence should be given the greater weight in arriving at a factual determination on the merits. The testimony need not be accepted in its en-

tirety and the trier of fact must use a commonsense approach and apply that common knowledge which is understood in the community.

We conclude from the evidence in the record that the marriage of these parties was irretrievably broken and find no merit in the first assignment of error.

Frances also contends that the trial court committed error because the award of the child support was grossly inadequate. This error was not further mentioned in her brief, nor was it presented to this court on oral argument. Neb. Ct. R. 8.a.2(3) (Rev. 1977) provides, in part: "[C]onsideration of the cause will be limited to errors assigned *and discussed.*" (Emphasis supplied.) That being so, under the above rule, we may not and do not consider the question of the alleged inadequacy of the award of child support contained in the decree of the trial court.

Frances next contends that the property award contained in the decree was unreasonable. Specifically, she contends that certain property should have been included in the marital estate and subject to distribution by the court, which was not done. The applicable rules of law with reference to the distribution of property in a decree of dissolution are set out in *Falcone v. Falcone,* 204 Neb. 800, 804-05, 285 N.W.2d 694, 697 (1979), wherein we stated:

The distribution of property following a decree of dissolution is provided for in section 42-365, R. R. S. 1943: "When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other and division of property *as may be reasonable,* having regard for the circumstances of the parties, duration of the marriage, a history of the contributions to the marriage by each party, including contribu-

tions to the care and education of the children, and interruption of personal careers or educational opportunities, and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party. * * *." (Emphasis supplied.) The fixing of alimony or distribution of property rests in the sound discretion of the District Court, and in the absence of an abuse of discretion, will not be disturbed on appeal. Phillips v. Phillips, 200 Neb. 253, 263 N. W. 2d 447 (1978); Schmer v. Schmer, 197 Neb. 800, 251 N. W. 2d 167 (1977). This court is not inclined to disturb the division of property made by the trial court unless it is patently unfair on the record. Blome v. Blome, 201 Neb. 687, 271 N. W. 2d 466 (1978); Tavlin v. Tavlin, 194 Neb. 98, 230 N. W. 2d 108 (1975).

Frances contends that the property award in this case was unreasonable because the property held by Richard in joint ownership with his sister should have been included in the marital estate. The rule is well established that where the parties to an action for dissolution of marriage are unable to agree upon a division of property, the trial court shall make such division as it deems conscionable and fair under all the facts and circumstances, taking into account the equities of the situation, irrespective of how legal title is held. *Cozette v. Cozette,* 196 Neb. 780, 246 N.W.2d 473 (1976). Richard testified that the property in question was entirely owned by his sister and not by him. The record in this case fails to disclose the extent of the property held jointly by Richard and his sister and also does not reveal whether such holdings were obtained through the use of Richard's property or other property. Frances has failed to establish by evidence the

source of the property held jointly by Richard and his sister and has failed to establish that such property was obtained by any contributions from Richard which otherwise might have been a part of the marital estate. We conclude that the action of the trial court in excluding from the marital estate property held jointly by Richard and his sister was correct, and we reject Frances' claim to the contrary. Similarly, Frances contends that the property held by Richard in joint ownership with his minor son should have been included in the marital estate. Specifically, she contends that such jointly held property represented an attempt to divert a portion of the marital estate and place it beyond her reach. In its decree, the trial court ordered that: ''Any and all property that either [Richard] or [Frances] hold jointly with their children . . . is not to be considered and is not considered marital property subject to division hereunder . . . .'' It is obvious that the trial court did not believe or find that' the transfer of property from Richard to his minor son and himself jointly was an attempt to prevent Frances from receiving her share of the marital property. The record reveals that Richard placed the property jointly in his name and the name of his minor son for the purpose of providing for the education and future needs of the minor child and not in an effort to deplete the marital estate. We conclude that the trial court was reasonable and correct in excluding such property from the marital estate under the evidence in the record.

Finally, Frances assigns as error the failure of the court to consider Richard's pension fund with the federal government as part of the marital estate, subject to a division of the property by the court. This court has previously discussed the question of how pension and pension rights are to be considered and treated in connection with marriage dissolution actions. In *Howard v. Howard,* 196 Neb. 351,

242 N.W.2d 884 (1976), we stated:

> A pension of one party to a marriage, unless its terms provide otherwise, is not a joint fund for the benefit of the other party and is not ordinarily subject to division as part of a property settlement. . . . There are situations where retirement income must be considered in providing for the care and maintenance of the divorced wife. In those situations, it is considered as a source for the payment of alimony, not as a part of a property settlement. Such a situation is found in Albrecht v. Albrecht (1973), 190 Neb. 392, 208 N. W. 2d 669.

*Id.* at 357-58, 242 N.W.2d at 888.

Also, in *Andersen v. Andersen,* 204 Neb. 796, 798, 285 N.W.2d 692, 694 (1979), we stated: "While earning capacity or expectations of income may properly be considered in an allowance of alimony, they are not proper considerations in determining the appropriate division of property."

We recognize, however, that there are jurisdictions that treat pension interests as marital assets, subject to division by the court. See, for example, *Hutchins v. Hutchins,* 71 Mich. App. 361, 248 N.W.2d 272 (1976); *Pinkowski v. Pinkowski,* 67 Wis. 2d 176, 226 N.W.2d 518 (1975); Foster and Freed, *Spousal Rights in Retirement and Pension Benefits,* 16 J. Family L. 187 (1977-78). However, we are not persuaded by these authorities that our presently adopted rule should be changed. See *Ellis v. Ellis,* 191 Colo. 317, 552 P.2d 506 (1976). Problems inherent in the determination of the value of pension interests and the contingent nature of such interests convince us that the rule we adopted in *Howard* is correct and cause us to reject the cases holding to the contrary. We therefore reaffirm our position that pension interests *may* be considered on the question of alimony allowances, but not in the determination of the

division of marital property. In this case, however, we think it is clear that the trial court did consider Richard's pension interest in the determination of the alimony awarded to Frances. This, we believe, is a necessary conclusion from the very language of paragraph 10 of the court's decree, wherein the court stated:

> 10. The petitioner shall pay to the respondent alimony in the sum of $350.00 per month, effective with the date of this Decree, continuing until such time as the respondent dies or remarries, whichever occurs first, provided, however, that at such time as petitioner retires from his service with the Federal Government he shall request that a survivor's annuity be established for Frances I. Witcig in the sum of $350.00 per month, payable upon Petitioner's death, by the United States Government until such time as Frances I. Witcig dies or remarries, whichever occurs first.

It is clear that the court not only could have considered Richard's pension with respect to alimony, but actually did consider it. In this connection, see, also, Annot., 22 A.L.R.2d 1421 (1952).

Frances also contends, however, that Congress has mandated the inclusion of federal pensions in the marital estate by the adoption of 5 U.S.C. § 8345 (j)(1), which reads as follows:

> (j)(1) Payments under this subchapter which would otherwise be made to an employee, Member, or annuitant based upon his service shall be paid (in whole or in part) by the office to another person if and to the extent expressly provided for in the terms of any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of

divorce, annulment, or legal separation. Any payment under this paragraph to a person bars recovery of any other person.

We do not interpret that section in that manner. The legislative history of that section makes it clear that the purpose of that statute was to permit federal cooperation with state law and court orders, and to remove federal preemption from the area. It does not in any manner mandate the inclusion of federal pensions in the marital estate as Frances contends. See S. Rep. No. 95-1084, 95th Cong., 2d Sess., *reprinted in* [1978] U.S. Code Cong. & Ad. News 1379.

We believe that the alimony awarded by the trial court to Frances in the amount of $350 per month until her death or remarriage was reasonable and proper under the circumstances. The record reveals that her estimated living expenses were $578 per month. Although it appears she was unemployed at the time of the trial, it further appears that she was capable of obtaining employment at the minimum wage level at that time and, with the improvement of her typing skills, would be able to obtain better employment. In addition, she continues to be involved in the sale of Avon products which, according to the evidence in the record, produces an average monthly income to her of approximately $186. The trial court did not abuse its discretion in this regard.

Frances also contends that she should have been awarded alimony in gross in this matter. It is true that this court on many previous occasions has expressed the view that alimony awards payable in a form of an annuity are not favored, although they may be appropriate in certain circumstances. See, *Starr v. Starr*, 201 Neb. 683, 271 N.W.2d 464 (1978); *Magruder v. Magruder,* 190 Neb. 573, 209 N.W.2d 585 (1973); *Card v. Card,* 174 Neb. 124, 116 N.W.2d 21 (1962); *Metschke v. Metschke,* 146 Neb. 461, 20

N.W.2d 238 (1945). We have not, however, ever held that they were illegal per se, and have recognized that, in certain circumstances, they may be proper, even though not generally preferred. In the instant case we see no compelling reason for changing the alimony award of the trial court and defer to its judgment in the matter.

We now turn our attention to Richard's cross-appeal. He also contends that the award of alimony was unreasonable under the circumstances. In view of what we have earlier stated with regard to this issue during our examination of Frances' assignments, we reject Richard's claim.

Finally, Richard contends that the trial court committed error in awarding fees for expert witnesses and attorney's fees to Frances. The allowance of fees and costs is discretionary with the trial court and depends upon a consideration of all the facts and circumstances presented. *Friedenbach v. Friedenbach,* 204 Neb. 586, 284 N.W.2d 285 (1979); *Tavlin v. Tavlin,* 194 Neb. 98, 230 N.W.2d 108 (1975). Although the award appears to be generous, in view of the extensive discovery shown in the record, we do not believe that the court abused its discretion. We, therefore, reject Richard's claim of error in this respect.

In view of what we have stated above, the judgment of the District Court must be affirmed.

AFFIRMED.

McCOWN, J., concurs in result.