CYNTHIA SUE COLE, APPELLEE, V.
LARRY D. COLE, APPELLANT.

304 N.W.2d 398

Filed April 10, 1981. No. 43571.

Van Steenberg, Brower, Chaloupka, Mullin & Holyoke for appellant.

Laurice M. Margheim of Bayer & Margheim for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

Larry D. Cole (Larry), respondent and appellant herein, has appealed to this court from a decree entered by the District Court of Box Butte County, Nebraska, dissolving the marriage of the appellant and Cynthia Sue Cole (Cynthia), petitioner and appellee. The appellant assigns as error that the trial court's allowance of $1,000 per month in alimony to the petitioner is excessive, and that the court erred in awarding alimony for an indefinite period of time. We affirm as modified.

The record in this matter indicates that Larry and Cynthia were married on May 29, 1965, in Alliance, Nebraska. One child, Suzanne, was born July 7, 1966. The care and custody of Suzanne was placed in Cynthia, and is not an issue in this appeal. We are principally concerned with the question of whether the alimony award of the trial court was equitable.

The evidence adduced at the trial reveals that the parties separated in December of 1975, when the petitioner first filed for divorce. In December of 1976 Cynthia moved with her daughter from Alliance to Gering, Nebraska, where Cynthia became employed as a licensed practical nurse. In March of 1977, while a passenger on a motorcycle, Cynthia was seriously injured in a one-vehicle collision. Her injuries resulted in her paralysis from the chest down, with only partial use of her arms and hands remaining. After the accident, Larry and Cynthia attempted a reconciliation; and with the proceeds recovered from a personal injury settlement received by the petitioner arising out of the motorcycle accident built a house which was "wheelchair accessible" and was otherwise designed to accommodate Cynthia's disabilities. After a period of 2 months, the reconciliation proved unsuccessful, and Larry moved out of the house. On August 22, 1979, Cynthia again filed a petition seeking the dissolution of her marriage to the appellant. This matter came to trial on April 22, 1980. In its decree

dated May 30, 1980, and filed on June 27, 1980, the court ordered in pertinent part:

"(a) That the marriage of Cynthia Sue Cole and Larry C. [sic] Cole is hereby dissolved.

"(b) That Cynthia shall have the custody of Suzanne, subject to reasonable rights of visitation by Larry.

"(c) On June 2 and June 16, 1980, and on the 2nd and 16th days of each month thereafter until Suzanne dies, marries, obtains the age of 19, becomes self-supporting or until further order of the Court, Larry shall make child support payments of $75.00 for a total of $150.00 each month. Larry may claim Suzanne as a dependent for income tax purposes.

"(d) On June 2 and June 16, 1980, and on the 2nd and 16th day of each month thereafter until further order of the Court, Larry shall make alimony payments of $500.00 for a total of $1,000.00 each month, subject to modification upon a showing of changed circumstances." The court divided the property of the parties, awarding Cynthia approximately 48 percent of the marital property and the appellant approximately 52 percent. Appellant makes no complaint with reference to the property division, but contends the alimony award is excessive.

The scope of review of a dissolution action in this court is well established, as follows: " 'While in a divorce action the case is to be tried de novo, this court will give weight to the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the opposite.' " *Witcig v. Witcig,* 206 Neb. 307, 311, 292 N.W.2d 788, 791 (1980); *Boroff v. Boroff,* 204 Neb. 217, 281 N.W.2d 760 (1979); *Grummert v. Grummert,* 195 Neb. 148, 237 N.W.2d 126 (1975). The rules for determining alimony or division of property in an action for dissolution of marriage provide no mathematical formula by which such awards can be precisely determined. They are to be determined by the facts of each case and the court will consider all pertinent facts in reaching an award that is

just and equitable. *Grady v. Grady*, 204 Neb. 595, 284 N.W.2d 402 (1979); *Ragains v. Ragains*, 204 Neb. 50, 281 N.W.2d 516 (1979); *Blome v. Blome*, 201 Neb. 687, 271 N.W.2d 466 (1978). It is the general rule that a judgment of the District Court is supported by a presumption of correctness, and this court is not inclined to disturb the alimony award made by the trial court unless it is patently unfair on the record. See, *Buker v. Buker*, 205 Neb. 571, 288 N.W.2d 732 (1980); *Rinderknecht v. Rinderknecht*, 204 Neb. 648, 284 N.W.2d 569 (1979). However, we have also held that an award of alimony may be altered on appeal where the record reflects good cause. *Hermance v. Hermance*, 194 Neb. 720, 235 N.W.2d 231 (1975).

Guidelines for determining the reasonableness of alimony following a decree of dissolution of marriage are set out in Neb. Rev. Stat. § 42-365 (Reissue 1978), which provides as follows: "When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other and division of property as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, a history of the contributions to the marriage by each party, including contributions to the care and education of the children, and interruption of personal careers or educational opportunities, and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party. . . ."

A review of the record convinces us that the alimony award ordered by the trial court was, under the circumstances of this case, unreasonably harsh and burdensome, and beyond his ability to pay, notwithstanding the unfortunate circumstances in which the appellee finds herself as a result of her accident. The record reveals that the appellant is a locomotive engineer for Burlington Northern railroad and has 10 years of experience and seniority. At the time of trial he was 39 years of age, in good health, and had an annual

income of approximately $37,000. The house and property awarded him by the court in its decree are unencumbered and debt free. Although the age of the appellant is set forth in the record, a careful search reveals that there is no evidence whatsoever as to the age of the appellee, or her life expectancy, although appellant states in his brief that she was 33 years of age at the time of the trial. Her present educational background is limited to a high school education, although, at trial, she indicated a desire to further her education and estimated that in view of her physical condition it would probably take her at least 6 years to complete college, rather than the normal 4-year period. The appellee has had surgery to improve the functioning of her right hand, and the record indicates she can now write with it. She desires to undergo further surgery to improve the functioning of her left hand. The court awarded her the home which she built with the proceeds of her insurance settlement in the amount of $15,000, which was used as a downpayment. There is a mortgage on the home in the amount of $37,858, on which she is obligated to make the payments. She shares this home with her daughter. Because of her condition, she is unable to dress and bathe herself, and depends upon home nursing care to aid her with her bladder and bowel problems.

Cynthia stipulated that she currently receives $235 per month for herself and $122 per month for her child, Suzanne, from Social Security. She further testified that her monthly expenses total approximately $900 per month. However, it appears from the record that this figure probably was inaccurate and did not include all of her monthly expenses; and the trial court expressed an opinion that she had underestimated her living expenses. Under the decree entered by the court, she was awarded an additional $1,000 per month as alimony and $150 per month as child support for Suzanne.

It further appears from the record that Larry's take-

home pay averages $2,137.63 per month; that his minimum monthly expenses are $923.15; and that when his monthly support obligation is added to his monthly expenses, his total monthly outlay is $2,073.15, which leaves him $64.48. Appellant argues that in view of his age and life expectancy as set forth in the Commissioners 1958 Standard Ordinary Mortality Table, if there is no change in the alimony award in this case, he will be required to pay a total of $462,000 to the appellee in alimony. It seems clear, however, that this conclusion is based on the assumption that Cynthia will live as long as he does. However, as previously stated, there is no evidence in the record with regard to Cynthia's age, or her life expectancy, and in view of her poor physical condition as the result of her accident, there may be serious doubts as to whether she could anticipate the life expectancy of a normal woman of her age. It would seem almost impossible at this time to accurately predict what the financial needs of Cynthia in the future will be, although the rule is clear that the amount of an alimony award should be based upon the evidence of conditions and circumstances existing at the time of the trial. The trial court in this case specifically provided that in the event of a future change of circumstances, its alimony award could be modified.

This brings us to appellant's second assignment, that the District Court erred in allowing alimony payable over an indefinite period of time. We have frequently reiterated the general rule in this state that allowance of alimony in the form of an annuity or requiring the husband to pay a fixed sum for an indefinite period of time is not favored, although we have on occasion upheld such awards where we deem them necessary or desirable. *Witcig v. Witcig*, 206 Neb. 307, 292 N.W.2d 788 (1980); *Magruder v. Magruder*, 190 Neb. 573, 209 N.W.2d 585 (1973); *Dunlap v. Dunlap*, 145 Neb. 735, 18 N.W.2d 51 (1945). We believe that in this case we should abide by the rule as announced

in the foregoing cases, particularly in view of the fact that in the event conditions change the award can always be modified by the court upon proper application and showing of such change of circumstances. Our conclusion is that the appellant in this case should be given relief from the rather high award of monthly alimony specified by the trial judge so that he may, to a limited degree at least, improve his financial condition. We therefore determine that the award by the trial court in its decree of $1,000 per month alimony for Cynthia should be modified so as to require the payment by Larry to Cynthia of alimony in the amount of $800 per month, in addition to the amount he is required to pay for child support, such monthly alimony to continue for a period of 25 years from the date of the original decree, with the proviso, however, that such alimony shall terminate in the event of her death or remarriage before that time.

Appellee has requested that we award her an attorney fee for the services of her attorney in this court. In view of the circumstances in this case, we award her an attorney fee of $500 for that purpose.

No other errors having been assigned or discussed in this case, we affirm the decree entered by the trial court, as modified.

AFFIRMED AS MODIFIED.