GEORGIA I. LACEY, APPELLANT, v. JOHN D. LACEY, APPELLEE.

337 N.W.2d 740

Filed August 12, 1983. No. 82-380.

Mitchell & Demerath, for appellant.

Jacobsen, Orr & Nelson, for appellee.

BOSLAUGH, WHITE, and HASTINGS, JJ., and BROWER and McGINN, D. JJ.

McGINN, D.J.

This is an appeal from the trial court's determination that the provisions of Neb. Rev. Stat. § 42-371(5) (Reissue 1978) are not applicable to monetary property settlement judgments. We reverse.

The case arises from a dissolution of marriage. The appellant, Georgia I. Lacey, filed a petition for dissolution in Buffalo County District Court against the appellee, John D. Lacey, on April 30, 1979. After extended negotiations the parties entered into a property settlement agreement, under which the appellant received a residence, a car, and other personal property. To further balance the property interests of the parties, the appellee was required to pay, together with interest, the sum of $450,000 in biannual installments over a 5-year period. The agreement also contained an acceleration clause.

The District Court approved this agreement and incorporated its provisions in the decree of dissolution issued July 30, 1981. The appellee neglected to make the first installment payment of $25,000, which was due on September 1, 1981, but approximately 45 days later paid the appellant $10,000. He refused to pay further on the judgment.

Thereafter, the appellant exercised the acceleration clause of the agreement and executed. She alleges that the appellee responded by transferring property to third parties in order to frustrate collection efforts.

The appellant subsequently filed a motion for additional security under § 42-371(5), which states that "The court may in any case, if it finds it necessary, order a person required to make payments under sections 42-347 to 42-379 to post sufficient security with the clerk to insure payment. Upon failure to comply with the order the court may also appoint a receiver to take charge of the debtor's property to insure payment." The motion was denied.

As with other matters relative to a dissolution

action, we try this case de novo, with "weight to the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the opposite." *Tavlin v. Tavlin*, 194 Neb. 98, 104, 230 N.W.2d 108, 112 (1975). See, also, *Cole v. Cole*, 208 Neb. 562, 304 N.W.2d 398 (1981); *Witcig v. Witcig*, 206 Neb. 307, 292 N.W.2d 788 (1980).

Under Neb. Rev. Stat. § 42-365 (Reissue 1978), "When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other and division of property as may be reasonable" under the circumstances of the case. See, also, *Cole v. Cole, supra*; *Grummert v. Grummert*, 195 Neb. 148, 237 N.W.2d 126 (1975).

The Nebraska Legislature has long given specific statutory authorization for a court, in an appropriate case, to require sufficient security to be given for the payment of alimony and child support awards. If such a directive was not complied with, a receiver could be appointed to help insure that such payments were made. See, Neb. Rev. Stat. § 42-323 (1943); Comp. Stat. § 1538 (1922); Rev. Stat. §§ 1589 and 1590 (1913); Rev. Stat. Ch. XVI, § 26 (1866). See, also, *Detter v. Erpelding*, 176 Neb. 600, 126 N.W.2d 827 (1964); *Ford v. Ford*, 101 Neb. 648, 164 N.W. 577 (1917); *Swansen v. Swansen*, 12 Neb. 210, 10 N.W. 713 (1881).

With the implementation of 1972 Neb. Laws, L.B. 820, however, the Legislature has conclusively included monetary property settlement judgments, even if such judgments had not been previously included. In *Grosvenor v. Grosvenor*, 206 Neb. 395, 400, 293 N.W.2d 96, 100 (1980), this court said, "Section 25 of L.B. 820, codified as § 42-371, provides, in part: 'All judgments and *orders for payment of money under this act* shall be liens upon property as in other actions . . . .' (Emphasis supplied.) This obviously includes money judgments in lieu of property division in kind." By the language of

§ 42-371(5) itself, a court may order a person to post sufficient security with the clerk in *any* deserving case.

This court has long recognized that an "order requiring security to be given and the one appointing a receiver are both somewhat extraordinary and drastic remedies." *Ford v. Ford, supra* at 650, 164 N.W. at 578. See, also, *Casselman v. Casselman*, 204 Neb. 565, 284 N.W.2d 7 (1979). Reasonable security for payment of alimony, child support, or monetary judgments under this section should, therefore, only be invoked when compelling circumstances require it. See, e.g., *Wheeler v. Wheeler*, 193 Neb. 615, 228 N.W.2d 594 (1975).

If such an order is made and not complied with, then the court, in appointing a receiver, should put into the hands of the receiver only so much of the spouse's property "as appears necessary to be held to make sure the payments due and to become due." *Ford v. Ford, supra* at 650, 164 N.W. at 578. See, also, *Bruening v Bruening*, 143 Neb. 335, 9 N.W.2d 399 (1943).

The trial court erred in refusing to require the appellee to give sufficient security for payment of the monetary property settlement embodied in the decree. We are convinced that the appellee will not pay the award until such an order is made. The record in this case illustrates an almost total failure of the appellee to make payments in accordance with the decree, and the appellant has gone to considerable trouble and expense in order to secure those payments.

"As a general rule, a party recovering a judgment has a right to proceed to enforce it." 49 C.J.S. *Judgments* § 585 at 1071 (1947). See, also, 27B C.J.S. *Divorce* § 300(3) (1959). Here, the Legislature, through the enactment of § 42-371(5), has afforded an avenue for the courts to do so.

REVERSED.